## CRAYTON *v.* FOX, executrix.

Where an affidavit of illegality has been filed by two defendants to the levy of a fi. fa. issued upon a judgment against them, founded upon a suit on a joint and several promissory note of which they were makers, on the ground that neither of defendants was served, and where the uncontradicted evidence upon the trial of this issue shows that one of the defendants had been duly served and the other had not, it was not error for the court to direct a verdict that the fi. fa. proceed only as to the party thus shown to have been duly served.

Submitted March 21,—Decided April 19, 1899.

Illegality. Before Judge Reese. Hancock superior court February term, 1898.

*William H. Burwell*, for plaintiff in error.

LEWIS, J. A judgment was rendered in the county court of Hancock county in favor of Ellen Fox, executrix, against

George and Charlie Crayton. This judgment was founded
upon a suit on a joint and several promissory note signed by
both defendants, in which note it was stated that "we or either
of us promise to pay," etc. An execution was issued and lev-
ied on certain property as the property of the defendants. To
this levy an affidavit of illegality was filed by both defend-
ants, on the ground that they had not been served; and a re-
turn of the sheriff on the original writ, showing service, was
traversed. The case was appealed to the superior court, and
on the trial there it appeared from the testimony that the sheriff
had left two copies of the writ at a certain house which he pre-
sumed was the home of both defendants, but the testimony
showed it was the home of only one defendant, and not the
other. The court instructed a verdict in favor of the plaintiff
against the defendant who was served, and in favor of the ille-
gality so far as the other defendant was concerned, and directed
that the fi. fa. proceed as to the defendant duly served. A mo-
tion for a new trial was made by the defendant against whom
the verdict was directed, in which error is assigned on this
direction given by the court. To the judgment of the court
overruling the motion for a new trial the movant excepts.

Under the terms of the contract sued on in the county court,
manifestly the payee or holder of the note had the discretion
to sue either one of the makers or to bring an action against
both. It follows from this that having brought suit against
both, it was at his discretion pending the action to dismiss the
suit as to one and proceed alone against the other. In the case
of *Stanford* v. *Bradford,* 45 *Ga.* 97, it was decided that "In a
joint suit against several, if one be not served, the plaintiff
may dismiss as to the one not served; and if he go on to the
jury and get a verdict, the verdict is good against those served,
though there be a failure to dismiss against the defendant not
served. The defect is a mere irregularity, and does not make
the judgment void." We do not think, therefore, that the de-
fendant served, even if he had appeared in court and so pleaded,
had the right to object to the case proceeding to judgment
against him, simply because his codefendant had not been served.
But conceding, for the sake of the argument, that he had such

right, he did not avail himself of it, and is now seeking to go behind the judgment by setting up a defense which he could have availed himself of before the rendition of the judgment. Under § 4742 of the Civil Code, this can not be done by an affidavit of illegality.

*Judgment affirmed. All the Justices concurring.*