*McDaniel & Black, Edgar A. Neely,* contra.

---

### 7676. McCLENDON *v.* WARD-TRUITT COMPANY.

1. The filing of the ·petition is treated as the commencement of a suit only when followed by due and legal service. If there is no service of the petition and process, and the plaintiff is guilty of laches, the writ becomes abortive and the court loses jurisdiction to amend the process and to have service perfected.

2. If the plaintiff is active in his efforts to remedy the failure of the sheriff to make service of the petition and process, and endeavors to

have service made at his first opportunity after he, in the exercise of
due diligence, discovers that service has not been perfected, the juris-
diction of the court continues for the purpose of having service per-
fected after the first term.

3. The motion to amend the process and to perfect service upon the de-
fendant in this case was properly allowed, and, the petition having
been amended so as to meet the grounds of special demurrer, the court
did not err in overruling the defendant's demurrer.

DECIDED MARCH 19, 1917.

Affidavit of illegality; from city court of LaGrange—Judge
Harwell. June 6, 1916.

On February 22, 1913, Ward-Truitt Company filed suit on ac-
count in the city court of LaGrange against J. H. McClendon.
The sheriff of that court, on March 2, 1913, made an entry that
he had served the defendant personally with a copy of the said suit
and process. The case was marked in default, and on March 20,
1913, the court rendered judgment against the defendant. A fi. fa.
on the judgment was issued on March 25, 1913, and was on De-
cember 30, 1914, levied on certain property of the defendant; and
the defendant filed an affidavit of illegality, upon the ground that
he had never been served with any notice of the suit, and had never
had his day in court. The issue made by the affidavit of illegality
was regularly continued to the October term, 1915, when the
issue was submitted to a jury and a verdict returned finding in
favor of the illegality; whereupon, at the same term of the court,
the Ward-Truitt Company filed its petition for an order to perfect
service and to require the clerk to amend the process and make it
returnable to the next November term, 1915. The petition alleged
that the plaintiff had exercised all diligence in having service per-
fected, and recited the facts hereinbefore stated. The court heard
evidence, found the facts to be as set forth in the petition, and
ordered that the process be amended as prayed, and that service
be perfected on the defendant. Thereupon the defendant waived
service of the original suit and of the petition and order to per-
fect service, process, copy, and copy process. At the November
term, 1915, the defendant filed certain demurrers and pleas, and
the demurrers were amended at the January term, 1916. Plaintiff
amended its petition so as to meet certain special grounds of de-
murrer, and the court overruled the general demurrer, in which it
was contended, that the court was wanting in authority to order the
process amended and service perfected on the defendant; that the

cause of action accrued more than four years prior to the amendment of the process and the order to perfect service upon the defendant, and that the cause of action was therefore barred by the statute of limitations. The defendant brought the case to this court on exceptions to the overruling of the demurrer.

*Meadors & Wyatt,* for plaintiff in error. *E. T. Moon,* contra.

GEORGE, J. (After stating the foregoing facts.) The court had the right, and it was its duty, under the facts in this case, to grant the order to perfect service at the term subsequent to the appearance term. As soon as it came to the plaintiff's knowledge that service had not been perfected, it moved to have service perfected, and it should not suffer by the conduct of the sheriff, whose entry had misled the plaintiff. In *Branch* v. *Mechanics Bank,* 50 *Ga.* 413, 416, it was said by Judge Trippe that "five terms of the court had passed after the filing of the declaration and the return made by the sheriff of non est inventus and of the death of the president of the corporation. In the meantime no step whatever had been taken by the plaintiff. At the sixth term the motion was made to perfect service under § 3370 of the new Code [of 1873]. This, of course, involved the necessity of amending the process, or rather the issuing of a citation by the clerk as required by that section. No legal reason was shown for such long delay. In fact, none whatever has been given." The right to amend the process and to have service perfected was therefore denied. In the case of *Brunswick Hardware Co.* v. *Bingham,* 110 *Ga.* 526 (35 S. E. 772), it was held that "it is too late for the trial judge to pass an order to perfect service on the defendant after seven terms of the court have elapsed since the filing of the declaration, when no legal reason is given for the delay." In that case there was a return by the sheriff "to the effect that the defendant corporation had no public place of business in the county, nor any office nor any officer or agent upon whom service could be perfected." At the appearance term, when the foregoing entry of the sheriff was made, the plaintiff undertook to make an affidavit as prescribed by the code, in order to perfect service by publication. The so-called affidavit was sworn to before some one attesting it as a notary public of Wayne county, Michigan. On the filing of this affidavit the court ordered that service be perfected by publication, and thereafter judgment by default was rendered against the defendant. At a

32

subsequent term the defendant made a motion to set this judgment aside on the ground that the defendant had never been served according to law. At the March term, 1899, the Supreme Court held that no legal service had been made upon the defendant company, that the so-called affidavit should not be treated as such, because there was nothing to authenticate the official character of the person attesting it as a notary public, and that all subsequent proceedings were unauthorized. 107 *Ga.* 270 (33 S. E. 56). Attention is called to the opinion in that case (110 *Ga.* 527), in which it is said: "No legal steps to perfect service were taken until the seventh term of the court after the declaration had been filed. It is true that an attempt was made to perfect service immediately after the return of the sheriff, but in this very case it was held that the proceeding was a nullity. Plaintiff and his counsel were chargeable with a knowledge of the law, and ought, therefore, to have known that an affidavit made before a notary public in Michigan, with nothing to authenticate his official character, could not in this State be the basis of any judicial action. Treating them as having knowledge of this, it can properly be said that they did nothing to perfect service from August 13, 1896, to June 17, 1899." In neither of the foregoing cases was proper diligence shown by the plaintiff. The rule announced in those cases is clearly based upon that fact. In *Allen* v. *Mutual Loan & Banking Co.*, 86 *Ga.* 74 (12 S. E. 265), the Supreme Court, on the testimony of the plaintiff's counsel to the effect that he had made inquiry of the sheriff and had been by him informed that the declaration in that case had been served on the defendant, and that he was misled by this information and consequently did not move at the first term for an order to perfect service, ruled that the trial court properly granted an order at the second term of the case, allowing until the next term thereafter to perfect service, and announced that "the granting of such a motion is largely in the discretion of the court." The *Allen* case is quoted and followed in *Lassiter* v. *Carroll*, 87 *Ga.* 731 (13 S. E. 825). We also understand the opinion by Justice Lamar in *Cox* v. *Strickland*, 120 *Ga.* 104 (7-10), 113 (47 S. E. 912, 1 Ann. Cas. 870), to support the ruling here made.

In the instant case the plaintiff duly filed its petition, to which process, regular in form, was attached, and caused it to be de-

livered to the sheriff for service. The sheriff made his return, reciting actual personal service upon the defendant, and upon the fact stated in this return the plaintiff had the right to rely. Every legal presumption was in favor of the truthfulness of the statement made in the entry of the sheriff, and, until attacked as provided by law, the plaintiff had a right to rely upon the presumption that the sheriff, as he so declared, had discharged his duty. Immediately upon the return of the verdict finding that the defendant had not been served, the plaintiff asked for the order to perfect service. This order the court properly granted, and we understand it to be the duty of the trial court to make all orders which tend to the advancement of suits commenced within its jurisdiction, to the end that justice may be attained. Process having been amended and service perfected, there was no error in overruling the demurrer to the petition.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*