## CHURCH *v.* CHURCH *et al.*

1. It is too late for the trial judge to pass an order to perfect service on the defendant after the lapse of seven terms of court from the filing of the declaration, where no legal reason is shown for the failure to perfect service.

2. Under the facts of the case the court did not err in dismissing the petition on motion.

No. 2077.  FEBRUARY 16, 1921.

Equitable petition. Before Judge Bell. Fulton superior court. April 1, 1920.

R. E. Church brought a petition against J. Harry Helmer, a resident of Fulton County, and Mrs. Lillian M. Church, who it was alleged resided without the State of Georgia, and whose place of residence was unknown to the plaintiff, praying that he recover

certain described premises in Fulton County together with mesne profits; and that certain deeds recited in the petition be canceled as clouds upon the plaintiff's title; also praying for process. The process was dated April 10, 1918. On April 11, the sheriff made a return reciting that the defendant, Mrs. Lillian M. Church, was not to be found in Fulton County. On the same date Judge Bell passed an order that service be perfected on this defendant by publication. On May 29, 1919, Judge Pendleton made an order in which it was recited that service had not been perfected on the defendants; it was ordered that the case be made returnable to the September term, 1919, of the superior court, and that service on Mrs. Church be perfected by publication to the September term, 1919, as theretofore ordered on April 11, 1918, and that service be perfected on the other defendant, J. Harry Helmer, according to law, to the same term of court. Service was perfected on J. Harry Helmer personally, by the deputy sheriff, on June 9, 1919, and on the same date the deputy clerk of the court certified that he had that day mailed a copy of the " Fulton County Daily Report," containing a marked copy of the present suit, properly stamped and addressed to the defendant, Mrs. Lillian M. Church, at a named place in New York. On August 2, 1919, Judge Bell passed an order in which it was recited that service had been perfected on Mrs. Lillian M. Church, by publication to the September Term, 1919. On September 18, 1919, the defendants moved to dismiss the petition, for the reasons: (1) that the suit was filed April 10, 1918, and process issued returnable to the May term, 1918. Entry of non est inventus was made as to the defendant Mrs. Lillian M. Church on April 11, 1918, and an order for publication granted, which publication was never had, nor was service ever made on this defendant, although service was claimed to have been made by publication in June and July, 1919. (2) No prayer for amendment of process or new process was ever made, but process did issue on May 29, 1919, in the suit that was already lifeless, and the process was wholly unauthorized by law and void. After this long lapse of time the process could not be amended by the court, and service based upon process which did issue under the circumstances is a mere nullity and the case should be dismissed. Whereupon Judge Bell, on April 1, 1920, dismissed the petition on the ground that seven terms of the court had elapsed, and there

was no entry of non est inventus as to the one defendant who was alleged to be a resident of Fulton County, and who had not been served; that the other defendant was not served by publication, though an order was taken at the first term for such service; and that the order of May 29, 1919, authorizing service was a nullity, the case being lifeless, and the judge ordering the service had no jurisdiction. To this order the plaintiff excepted.

*Anderson, Rountree & Crenshaw,* for plaintiff.

*Willis M. Everett* and *Moore & Pomeroy,* for defendants.

HILL, J. ( After stating the foregoing facts. )

1. The single question for decision is whether under the facts, after the lapse of more than seven terms of the court without service upon the defendants, service can be perfected, and whether it was legally done in the instant case. The Civil Code (1910), § 5570, provides that " Whenever process is not served the length of time required by law before the appearance term, such service shall be good for the next succeeding term thereafter, which shall be the appearance term." In the case of *Branch* v. *Mechanics Bank,* 50 *Ga.* 413, it was held: " Where a declaration was filed and process attached against a corporation, and a regular return made by the sheriff that the defendant was not to be found, and that the president of the corporation was dead, the plaintiff is not entitled, after the lapse of five terms of the court without having taken any further action, or showing sufficient legal reason for the delay, to amend the process so as to make it returnable to the then ensuing term, and to perfect service by publication." In delivering the opinion of the court in that case Trippe, J., said: " We are fully aware of the great liberality allowed by law, and as shown by many of the 'decisions, as to amendments both of declarations and process, and also as to perfecting service; but we do not think that any statute or decision has gone so far as to permit a plaintiff to file his petition, and, after a return of no service by the sheriff, to await the expiration of five terms without any action whatever, and then, without any legal cause shown for the laches or delay, ask to be permitted to do that which could as well have been done, and should have been done, more than two years previously." In the instant case, so far as the record discloses, there was no effort to serve the resident defendant until after the seven terms of court had passed.

In the case of *Brunswick Hardware Co.* v. *Bingham,* 110 *Ga.* 526 (35 S. E. 772), it was held: "It is too late for the trial judge to pass an order to perfect service on the defendant, after the lapse of seven terms of court after the filing of the declaration." In *Cox* v. *Strickland,* 120 *Ga.* 104 (7), 113 (47 S. E. 912, 1 Ann. Cas. 870), the court held: "The filing of the petition is treated as the commencement of the suit only when followed by due and legal service. If there is no process and no service, and the plaintiff is guilty of laches, the writ becomes abortive, and the court loses jurisdiction to issue process or to have service perfected." In *McLendon* v. *Ward-Truitt Co.,* 19 *Ga. App.* 495 (91 S. E. 1000), the above ruling is repeated and followed.

The case of *Sims* v. *Sims,* 135 *Ga.* 439 (69 S. E. 545), was one where process was duly issued in a case requiring personal service, but no service was made, by reason of the defendant's absence from the State; and it was held in that case that the judge had the right, upon the return of the defendant to the State, to pass an order amending the process by making it returnable to the next term after the date of the order, and providing for service. In speaking for the court in that case Fish, C. J., said that "This court has repeatedly recognized the right of the trial judge where there was process and no service, but some legal reason for the want thereof, to pass an order at a subsequent term to the appearance term, amending the process and extending the time for service," citing a number of authorities.

In the cases relied on by the plaintiff application was made to amend the process at the second term of court; and they are cases where diligence had been shown in amending the process and in perfecting service. In the instant case such diligence has not been shown on the part of the plaintiff, but on the contrary he has been guilty of laches in awaiting until after seven terms of the court had passed before moving to perfect service on the defendant. The defendants in error, on the other hand, made their timely motion to dismiss the case after they were served with notice of the purpose of the plaintiff to perfect service.

In view of the foregoing authorities and the facts of this case, the effort of the plaintiff to perfect service on the defendants, after seven terms of the court had elapsed without any effort to do so, was "abortive and void." It follows that the trial judge did

not err in sustaining the motion of the defendants and in dismissing the plaintiff's case.

*Judgment affirmed. All the Justices concur.*