### 14118. GRIFFLER *v.* SOUTHERN RAILWAY COMPANY.

The court did not err in striking an amendment of the process to the petition and in dismissing the case.
DECIDED MARCH 6, 1923.

Action for damages; from DeKalb superior court — Judge Hutcheson. September 30, 1922.

*Hill & Adams, Ernie Adamson, Carl T. Hudgins,* for plaintiff.

*McDaniel & Neely,* contra.

LUKE, J. Griffler filed a petition for damages against the Southern Railway Company, returnable to the June, 1919, term of DeKalb superior court. On June 3, 1919, the defendant traversed the officer's entry of service, and, subject to the traverse, filed its

answer.  Apparently recognizing the invalidity of the attempted
service of the petition, the plaintiff, on October 11, 1919, and not
in term time, filed a petition praying that a second original issue
and be served in accordance with the terms of the act of 1912
(Ga. L. 1912, p. 66) ; and the court on the same day granted an
order directing that the second original issue and be served as
required by law, citing the defendant to appear at the December
term of the court.  From the record it appears that a few days
after the granting of this order, one of the attorneys for the
plaintiff requested the clerk to issue a second original and process
in compliance with the court's order, directed to the officers of
Fulton county, requiring the defendant to appear at the December
term of DeKalb superior court; and that the clerk of the court
stated to the attorney for the plaintiff that he thought the order
of the court was sufficient and constituted the necessary notice to
the defendant, and refused to issue any new process or to change
the process, without an order of the court to that effect.  The
clerk, however, did issue a second original of the petition, but the
process was directed to the officers of DeKalb county and not to the
officers of Fulton county, and the defendant was required to appear
at the June, 1919, term of the court, which had long passed.
When the case finally came on for trial on September 9, 1921, and
after the traverse of the defendant had been sustained, the de-
fendant filed a motion to dismiss the suit, upon the ground that
there had been no valid service upon it.  This motion was over-
ruled, the defendant excepted, and on June 14, 1922, this court re-
versed the lower court, holding that " a sheriff of one county can-
not legally serve a process directed to the sheriff of another coun-
ty." See *So. Ry. Co.* v. *Griffler*, 28 *Ga. App.* 646 (112 S. E. 735).
Before the remittitur reached the trial court  the plaintiff filed a
petition praying for an order of court commanding the clerk to
amend the process so as to conform to the original order of court
directing the issuance of the second original.  The amendment was
allowed on the same day.  On June 30, upon motion of the de-
fendant's counsel, the amendment was stricken and the suit dis-
missed.

Whether or not the trial court had legal authority to issue ex
parte and out of term time the original order of October 11, 1919,
that a second original issue and be served on defendant, was not

determined when this case was formerly decided by this court; nor shall we base this decision upon the legality or illegality of that order. We may concede (without deciding), for the purpose of this decision, that all the proceedings in this case up to the time of striking the amendment to the process were regular. The sole questions here decided are as to the correctness of the judge's orders striking that amendment and dismissing the case.

Where a plaintiff, on the discovery of an irregularity in the process attached to his petition, is active to have the fault cured, the court is not without jurisdiction to make the suit effective. *Dobbins* v. *Jenkins,* 51 *Ga.* 204; *Peck* v. *LaRoche,* 86 *Ga.* 317 (12 S. E. 638); *Brunswick Hardware Co.* v. *Bingham,* 110 *Ga.* 526 (35 S. E. 772). That the sheriff of one county cannot legally serve a process directed to the sheriff of another county has long been the law of this State. See *So. Ry. Co.* v. *Griffler,* supra, and cases cited. That the plaintiff in the case at bar made no offer to amend until several terms of court had passed, and until after the original process had been declared invalid by this court, appears from the record. The record also discloses that as early as November, 1919, the clerk of the court substantially told one of the attorneys for the plaintiff that he considered himself without authority either to direct a process to the officers of Fulton county or to issue a process requiring the defendant to appear at the December term of the court, and that he would not do so. The court considered this sufficient notice to put the plaintiff on inquiry as to whether the clerk did attach a defective process. Under the facts in this case this court can not say that the trial judge erred in holding that it was too late to amend, and in striking the amendment allowed and in dismissing the case.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*