### 15261. NAIL, administratrix, *v.* POPWELL.

Jurisdiction to pass an order to perfect service on the defendant was wanting at the third term after the filing of the suit, and the order then passed for that purpose was a nullity.

DECIDED APRIL 15, 1924.

Complaint; from city court of Jesup—Judge Clark. November 5, 1923.

*Conyers & Wilcox, Oscar Nail,* for plaintiff.

*Farr & Powell,* for defendant.

LUKE, J. On November 18, 1922, the plaintiff filed in the city court of Jesup a suit on a promissory note, which lacked but three days of being barred by the statute of limitations. The terms of that court are quarterly, commencing on the fourth Mondays in January, April, July, and October. To the petition as filed the clerk duly annexed a process, returnable to the following January term, but inadvertently misplaced the papers and failed to docket the case and failed to hand a copy of the petition and process to the sheriff for service on the defendant. Relying upon the clerk and the sheriff to perform their respective official duties, neither the plaintiff nor her counsel made any inspection of the record or other investigation touching service of the petition and process until the July term, which was the third term of such suit. By an ex parte motion the plaintiff's counsel then obtained an order to perfect service on the defendant for the October term, 1923, declaring that to be the appearance term of the case. At the Oc-

tober term the defendant appeared specially and moved to dismiss the plaintiff's proceeding, on the ground that the ex parte order was taken after the suit had become functus officio and after the note sued on had become barred by the statute of limitations, the movant contending that the court was without authority of law at the July term to revive either the suit or the note sued on. The court sustained the defendant's motion, and the plaintiff excepted.

The ruling complained of was not erroneous.

(a) Generally, where there is neither service nor entry or waiver of service at the appearance term of a case, the plaintiff must then and there move for an order to perfect service, or else he will be chargeable with laches, and the writ which he caused to issue will become abortive, and the court will lose jurisdiction to have service perfected. *Cox* v. *Strickland,* 120 *Ga.* 104 (7-10) (47 S. E. 912, 1 Ann. Cas. 870).

(b) Exceptions to this general rule exist where the defendant is temporarily absent from the territorial jurisdiction of the court, thereby rendering service upon him impossible, as in *Dobbins* v. *Jenkins,* 51 *Ga.* 203, and *Sims* v. *Sims,* 135 *Ga.* 439 (69 S. E. 545); also where there are joint defendants and service is perfected on one or more of them, as in *White* v. *Hart,* 35 *Ga.* 270; *Stanford* v. *Bradford,* 45 *Ga.* 97, and *Crayton* v. *Fox,* 106 *Ga.* 853 (33 S. E. 42), and where the plaintiff's inaction is due to an express representation by the court or its officers that service has been duly perfected, as in *Allen* v. *Mutual Loan & Banking Co.,* 86 *Ga.* 74 (12 S. E. 265), and *McLendon* v. *Ward-Truitt Co.,* 19 *Ga. App.* 495 (91 S. E. 1000), and possibly in other cases where, though the facts are dissimilar, the principle is the same.

(c) But where, as in the instant case, there is only one defendant, and the lack of service is in no way chargeable to him, and at the appearance term there is neither service nor entry nor waiver of service, and no express official representation that service has been perfected, and the plaintiff remains inactive until the third term of the case, the court is then without jurisdiction to cause service to be perfected, and an order passed for that purpose is a mere nullity. *McLendon* v. *Hernando Phosphate Co.,* 100 *Ga.* 219 (2) (28 S. E. 152); *Nicholas* v. *British America Assur. Co.,* 109 *Ga.* 621 (34 S. E. 1004); *Chapman* v. *Central of Georgia Ry. Co.,* 20 *Ga. App.* 251 (92 S. E. 1025).

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*