## 18080.  PAPE v. RICHARDSON.

Under the ruling in *Church* v. *Church*, 151 *Ga.* 98 (106 S. E. 114), and cit., the court did not abuse its legal discretion in revoking its ex parte order authorizing the belated service upon the defendant, which had been passed three terms after the appearance term, no reason being shown why service could not have been perfected under the previous order therefor granted at the appearance term, and there being no showing of diligence on the part of the plaintiff in following up his effort to procure service.

        *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 15, 1927.  REHEARING DENIED FEBRUARY 18, 1928.

Action for malicious arrest, etc.; from Fulton superior court—Judge Pomeroy.  January 13, 1927.

*W. A. James, Linton S. James, C. M. James,* for plaintiff.

*Earl Sims,* for defendant.

JENKINS, P. J.  A joint action was filed against Woolford Realty Company and the defendant in error, Richardson, to the September term, 1925, of the superior court of Fulton county, it being alleged that each of the defendants resided in that county. On this suit process was issued and personal service perfected against each of the defendants.  At the September appearance term Richardson appeared and filed a plea in abatement and traverse of the entry of service, setting forth that he was a resident not of Fulton county but of DeKalb county.  Whereupon, at the September appearance term, on the 22d day of October, the plaintiff amended his petition by setting out that Richardson was a resident of DeKalb county, and prayed that a new process issue and that the case be made returnable to the January term, 1926. The judge signed an order that Richardson be served with a second original process directed to the sheriff of DeKalb county, and that the case be made returnable to the January term, 1926. The process prayed for was not issued or served as called for by the order, and the November, January, and March terms elapsed before any further action was taken.  At the May term, 1926, the plaintiff procured from the judge an ex parte order making the July term, 1926, the appearance term, and ordering that process be issued, returnable to that term, as provided by the previous order.  It thus appears that the plaintiff remained inactive from October 22, 1925, until the May term, 1926, during which period

Process, 32 Cyc. p. 457, n. 38.

three successive intervening terms of court elapsed without any action being taken on the part of the plaintiff. After the granting of the ex parte order at the May term, the defendant Richardson appeared by petition and attacked the order and the service had thereunder. A rule nisi having been issued on the defendant's petition, a hearing was had thereon on January 13, 1927. At this hearing no showing was made by the plaintiff as to why service had not been perfected under the terms of the original order, or as to diligence on his part in following up his efforts to procure service. Upon the hearing, the judge passed an order revoking his previous ex parte order, and dismissing the return of service had thereunder, to which order the plaintiff excepted. The ruling of this court appears in the headnote.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*