19897. MURPHY *v.* FERGUSON-MCELHANEY MOTOR COMPANY.

JENKINS, P. J.  1. "Whenever process is not served the length of time required by law before the appearance term, such service shall be good for the next succeeding term thereafter, which shall be the appearance term." Civil Code (1910), § 5570. The filing of the petition is treated as the commencement of the suit only when followed by due and legal service, and it is the rule that if there is no process and no service thereof, and the plaintiff is guilty of laches, the writ becomes abortive, and the court thereafter loses jurisdiction to have service perfected. Where, however, process in a trover suit requiring personal service is returnable to the March monthly term of the municipal court of Atlanta, and, on account of the inability of the marshal to locate the defendant, personal service of the process is not perfected by the return term, and the process is renewed so as to make the April term the return term, and a renewed effort made to serve the process, with the same result, and where it appears that after the April term and for a period of four months all due and possible diligence was exercised by the plaintiff and the serving officers to perfect service, it appearing that in addition to the efforts of the marshal the plaintiff's counsel had himself gone to the defendant's place of residence time after time, and that the defendant's wife gave periodical information as to the defendant being out of the State, first in one place and then another, and where it appeared that during that period the plaintiff procured the services of a private detective in order to locate the defendant, and that, after much and continued effort and the exercise of all proper diligence by the plaintiff, the defendant was finally located, the court was not without power to renew the process so as to make it returnable to the September monthly term of the court; and personal service upon the defendant directing him to answer at the September term in accordance with such order of the court, will not be held invalid on account of laches and negligence on the plaintiff's part. The court did not err, therefore, in overruling the motion to dismiss the plaintiff's suit because of the alleged invalidity of the order to perfect service for the September term. See, in this connection, *Cox v. Strickland,* 120 *Ga.* 104 (7), 113 (47 S. E. 912, 1 Ann. Cas. 870); *Sims* v. *Sims,* 135 *Ga.* 439 (69 S. E. 545); *Church* v. *Church,* 151 *Ga.* 98, 101 (106 S. E. 114).

2. Under the foregoing ruling, the judge of the superior court did not err in overruling the defendant's petition for certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 1, 1930.

*A. A. Baumstark, J. L. Anthony,* for plaintiff in error.
*E. B. Everett Jr.,* contra.