### 36762. SOUTHLAND, INC. *v.* WITSCHELL.

GARDNER, P. J. There is considerable controversy between the attorneys concerning the final disposition of the trover suit which involved an automobile. We see no necessity of going into details concerning the procedure because the order and judgment of the Civil Court of Fulton County sets out the procedure and necessary facts and the final judgment clearly and accurately as follows: "Ruling and order on motion of plaintiff to set aside order of March 7, 1957: The above motion came on for hearing before me on March 26th, the date specified in the rule thereon. After hearing one witness, Mr. J. D. Thomas, Deputy Marshal of the Civil Court of Fulton County, argument by counsel, and receiving memoranda briefs from counsel for both sides, the motion was taken under advisement.

"Statement of facts: Counsel for plaintiff, Judge Roan, presented to me on February 23, 1957, an order stating that process had never been served on the defendant in the case to the term to which it was made returnable, February, 1956, and making the suit and process returnable to the first Monday in April, 1957. That order was routinely signed, as similar such orders for extending the term on cases are signed nearly every day. In fact, such orders are so routine that we have printed forms for them at the office of the clerk of this court.

"On March 7th, counsel for defendant, Mr. Pilcher, came to my office and earnestly questioned my propriety in signing the order on February 23rd. He stated that the defendant was a nonresident, that she was in the courthouse building in response to some sort of criminal process, and that this suit had been served on her in the courtroom and that she was then and there in custody of the marshal of this court. He stated further that a similar suit (Case No. 477,245) involving the identical property [automobile] here involved was brought after this suit was filed, that service was obtained on defendant, and that it came on for trial and was tried before another judge [Judge E. Wright] of this court. Upon his statement I ordered the marshal to release the defendant into his custody until 2 o'clock that day, and further ordered the marshal to have counsel for plaintiff, Judge Roan, to be at my office at that time.

"At 2 o'clock on March 7th counsel for plaintiff, Judge Roan, and counsel for defendant, Mr. Arnold and Mr. Pilcher, appeared.

"An informal discussion took place, no sworn testimony was taken but there was general agreement as to the facts of what had occurred. Counsel for the defendant stated that she could not make the required bond or produce the property. Counsel for plaintiff agreed to waive the five-days notice required by Ga. Code § 107-205, relating to release of defendant without security. Whereupon this court then and there wrote and signed the order which plaintiff desires to have set aside by this motion.

"That order did two things: (1) Released the defendant upon her own recognizance, and (2) ordered placement of the case on the calendar for hearing upon the main issues the first week in April, 1957.

"Subsequently, defendant filed written petition for discharge pursuant to Code § 107-205, upon which no ruling has thus far been rendered, and upon which a ruling does not appear necessary.

"Opinion: It is believed the court has discretion in deciding whether or not to release a defendant in bail-trover actions pursuant to Code § 107-205, and such discretion will not be disturbed unless it is grossly abused. (See Annotated Code § 107-205 notes and citations thereunder.)

"One of the fundamental principles of law in Georgia is that we do not imprison people for debt. Service was obtained upon the defendant in this case, and the order in question purported to bring the main case on for trial the first week in April, 1957, which is the term the plaintiff requested it to be returnable. Furthermore, as the judge controlling the calendar, it is believed the court has some discretion in this connection. (See Ga. Code Annotated § 24-3324 and 1955 Accumulative Supp. 24-3343 and notes thereunder).

"However, upon further study of this matter it is my opinion error was made in issuing the order on February 23, 1957. In this connection, attention is called to Ga. Code Annotated § 81-218 relating to service too late, the notes and citations thereunder, particularly under the topic 'Time'.

"Attention is further called to the case of Church v. Church, 151 Ga. 98 [106 S. E. 114] the first headnote under which states

'It is too late for the trial judge to pass an order to perfect service on the defendant after the lapse of seven terms of court from the filing of the declaration, where no legal reason is shown for the failure to perfect service.'

"Your attention is further called to the case of *Pape* v. *Richardson*, 37 *Ga. App.* 692 [141 S. E. 506] the headnote being as follows: 'Under the ruling in *Church* v. *Church*, 151 *Ga.* 98 (106 S. E. 114) and cit., the court did not abuse its legal discretion in revoking its ex parte order authorizing the belated service upon the defendant, which had been passed three terms after the appearance term, no reason being shown why service could not have been perfected under the previous order therefor granted at the appearance term, and there being no showing of diligence on the part of the plaintiff in following up his effort to procure service.'

"In view of this, it is my opinion that the order dated February 23rd is void, and therefore everything that has been done pursuant thereto becomes a nullity.

"Order: It is considered, ordered and adjudged that, 1. The order dated February 23, 1957 be and the same is hereby vacated, set aside and declared to be void; and further that the service of process effected thereunder is likewise voided. 2. The motion to set aside the order dated March 7, 1957 is granted and said order is hereby vacated, set aside and declared to be void.

"This 29th day of March, 1957.

"/s/ Thomas L. Camp, Judge
Civil Court of Fulton County."

The court did not err in any of its judgments complained of in the bill of exceptions and under the entire record.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

Decided June 17, 1957—Rehearing denied July 2, 1957.

*Augustus M. Roan,* for plaintiff in error.

*James L. Pilcher, Nancy Pat Phillips, Robert B. Harris,* contra.

Townsend, J., concurring specially. I concur in the judgment but for the reasons hereinafter set forth.

1. Code § 110-501 provides as follows: "A judgment of a

court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." "Final judgments are such as at once put an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for." *Cohen & Menko* v. *Southern Express Co.*, 53 *Ga.* 128, 134. An issue which has been litigated in one action cannot again be litigated in another action. *Robinson* v. *Aderhold*, 202 *Ga.* 340 (1) (43 S. E. 2d 262).

2. Accordingly where, as here, it appears from the record that on January 24, 1956, this plaintiff filed a bail-trover action against this defendant for a 1955 Plymouth V-8 Belvedere automobile, motor No. P27-001187 (which petition appears to have been dismissed by the plaintiff and later in some manner reinstated); and on August 7, 1956, the plaintiff filed another bail-trover action against the defendant in the same court for the identical property; and on January 31, 1957 there resulted from the trial of this latter petition a verdict for the defendant, which has never been reversed or set aside, the right of the defendant to prevail in the controversy has been finally and conclusively adjudicated. In the absence of a direct attack on such judgment, there is no means existing by which the plaintiff can obtain any other judgment against the defendant relating to the same subject matter and form of action. Consequently, the case filed January 24, whether dismissed or not, had been rendered moot by the verdict and judgment on the second identical petition, and any attempt of the plaintiff to revive the first case was completely ineffectual. The court had no authority to sign an order reinstating or "setting over" such case, and he later passed a second order stating that the first had been passed by inadvertence and was hereby vacated. Both of these orders were in legal effect nullities, and the one canceled out the other on the record. Accordingly, no reversible error appears.