41364. GULF OIL CORPORATION v. SIMS.

ARGUED JUNE 9, 1965—DECIDED JUNE 25, 1965— REHEARING DENIED JULY 12, 1965.

Robert E. Knox, Warren D. Evans, for plaintiff in error.

Kenneth Goolsby, Randall Evans, Jr., contra.

HALL, Judge. When a petition is filed but is not served as provided by law (Code Ann. § 81-202) the plaintiff may by motion or petition call upon the court's discretion to order belated service. Allen v. Mutual Loan &c. Co., 86 Ga. 74 (12 SE 265); Brunswick Hdw. Co. v. Bingham, 110 Ga. 526, 527 (35 SE 772); Nelson v. Lovett, 104 Ga. App. 770, 773 (123 SE2d 4). The issue raised by a petition seeking belated service of an action is whether the plaintiff has taken diligent action since bringing the action in an effort to perfect service. If the plaintiff has taken no action the petition should be denied as a matter of law. Brunswick Hdw. Co. v. Bingham, supra; Church v. Church, 151 Ga. 98, 101 (106 SE 114); Nail v. Popwell, 32 Ga. App. 20 (122 SE 632); Stahle v. Jones, 60 Ga. App. 397, 398 (3 SE2d 861); Nelson v. Lovett, supra. If the plaintiff has taken some action, the trial court must determine, exercising a legal discretion, whether or not the plaintiff was diligent in his efforts. Allen v. Mutual Loan &c. Co., supra; Cox v. Strickland, 120 Ga. 104, 114 (47 SE 912, 1 AC 870); McClendon v. Ward-Truitt Co., 19 Ga. App. 495, 497 (91 SE 1000); Griffler v. Southern R. Co., 30 Ga. App. 20, 22 (116 SE 655); Nail v. Popwell, supra (b); Pape v. Richardson, 37 Ga. App. 692 (141 SE 506); Murphy v. Ferguson-McElhaney Motor Co., 40 Ga. App. 847 (151 SE 663). It also appears that the court should provide for notice to the defendant and a hearing on the question of diligence. Pape v. Richardson, supra.

The issue presented by the defendant's general demurrer to the petition in this case is whether the facts alleged, and recited above, show diligence by the plaintiff upon which the court could exercise its discretion to order service perfected. The petition shows that the original petition was filed but was not served on the defendant. No return of service was entered on the petition and process. (The plaintiff's petition to establish lost office papers alleges, "An exact copy of said lost office papers *including all entries thereon*, is hereto attached." (Emphasis supplied). The papers attached to that petition were a petition alleging indebtedness on an account with a statement and verification of the account attached, with the notation "Filed in office this 11th day of April 1959. /s/ Allen Pannell, Clerk," and a process signed by the clerk dated April 11, 1959). The plaintiff took a default judgment against the defendant. More than five years after filing the petition the plaintiff brought its petition to perfect service. During this time there had been twenty-two terms of court.

In *Brunswick Hdw. Co. v. Bingham*, supra, the Georgia Supreme Court held that the trial court erred in granting an order allowing the plaintiff to perfect service three years after the petition had been filed and seven terms of court had elapsed. The plaintiff argues that until its default judgment against the plaintiff was set aside there was a presumption of service (*Benton v. Maddox*, 52 Ga. App. 813 (184 SE 788)), and, therefore, the fact that the judgment existed shows that the plaintiff was not lacking in diligence to perfect service. The contention is contrary to the *Brunswick* case, supra. There a default judgment was taken after defective service by publication and was later set aside, but it was held nevertheless that the plaintiff was not entitled to have service perfected when it had taken no action to do so for seven terms. And in *Nail v. Popwell*, supra, p. 21, this court held that when "at the appearance term there is neither service nor entry nor waiver of service, and no express official representation that service has been perfected, and the plaintiff remains inactive until the third term of the case, the court is then without jurisdiction to cause service to be perfected, and an order passed for that purpose is a mere nullity."

The specific facts alleged in the present case do not support the allegation that the "petitioner has exercised all diligence in an effort to have service of the petition and process perfected upon defendant." This general allegation, therefore, does not cause the petition to show that the court had discretion to order service perfected. *Green v. Spears*, 181 Ga. 486, 490 (182 SE 913); *American Surety Co. v. Groover*, 64 Ga. App. 865, 867 (14 SE2d 149); 71 CJS 87, § 32; Anno. 21 ALR2d 929. The plaintiff relies on *McClendon v. Ward-Truitt Co.*, supra. There the petition alleged that the plaintiff had exercised all diligence in having service perfected, and the court held that the facts set forth in that petition, including the fact that the sheriff had made an entry that he had served the defendant personally (which fact is absent in the present case) supported the allegation of diligence. Decisions to the effect that a general allegation of negligence is sufficient against a general demurrer have been made upon pleadings that contain an allegation of some act or omission which could be found to be negligence in fact (see *McPhail v. Atlantic C. L. R. Co.*, 93 Ga. App. 599, 601 (92 SE2d 558), and are not controlling in this case.

The facts alleged did not authorize the court on October 23, 1964, to grant the plaintiff's petition for an order to perfect service on the defendant. The trial court did not err, therefore, in sustaining the defendant's general demurrer and dismissing the action.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*