## 46781.   HILTON v. MADDOX, BISHOP, HAYTON FRAME & TRIM CONTRACTORS, INC.

Argued January 3, 1972—Decided February 2, 1972.

*G. Ralph Burger,* for appellant.

*Shoob, McLain & Jessee, Earnest H. DeLong, Jr., Gregg Loomis,* for appellee.

EBERHARDT, Judge. Since the injury for which damages are sought was suffered August 7, 1968, this action was barred by the statute of limitation two years from that date unless the statute was tolled by the filing of the complaint.

It has long been the law of this State that "The filing of a declaration in the clerk's office, when service has been perfected as required by law, will be considered as the commencement of the suit, aliter where there has been no service." *Ferguson v. New Manchester Mfg. Co.,* 51 Ga. 609.

"The mere filing of a declaration in office, unless followed by proper service upon the defendant, is not the commencement of suit." *Cherry v. North & South R.,* 65 Ga. 634 (1). Accord: *McClendon v. Hernando Phosphate Co.,* 100 Ga. 219 (2) (28 SE 152). "The filing of the petition is treated as the commencement of the suit only when followed by due and legal service." *Cox v. Strickland,* 120 Ga. 104 (7) (47 SE 912, 1 AC 870). "The debt secured by the mortgage having matured on March 7, 1897, and service of the petition and process to foreclose the mortgage not having been made until February 26, 1926, although the petition was filed March 6, 1917, one day before the statute attached, the mortgage was barred when service was perfected, which was in legal contemplation the commencement of the foreclosure proceeding." *Simmerson v. Herringdine,* 166 Ga. 143, 148 (142 SE 687). "In this State the filing of the petition in the clerk's office will be considered as the commencement of the suit, if service is perfected as required by law. But if no service is made, the mere filing of a petition will not suffice to authorize the action to be treated as commenced and perpetually pending. Filing followed by service creates a pending suit from the date of filing. But if there is no service, the process loses its vitality, and the effect mentioned does not result." *McFarland v. McFarland,* 151 Ga. 9 (2) (105 SE 596). "[T]he mere filing of the petition will not of itself operate to toll the statute of limitation. For, service is also a vital ingredient." *Chance v. Planters &c. Cooperative,* 219 Ga. 1, 4 (131 SE2d 541). "[I]f the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation. *Poullain v. Poullain,* 76 Ga. 420 (a) (4 SE 92); *McFarland v. McFarland,* 151 Ga. 9 (2) (105 SE 596); *Burrow v. Dickerson,* 108 Ga. App. 178 (132 SE2d 550)." *Parker v. Kilgo,* 109 Ga. App. 698, 700 (137 SE2d 333). "Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and

preserve his evidence in reference to it." Barthel v. Stamm, 145 F2d 487, 491. Obviously, there is no warning of the defendant until he is served. "The defendant has no legal notice of the suit until served with a copy of the petition and process" and if the notice is to relate back, he must proceed with diligence in getting service perfected. *Jordan v. Bosworth,* 123 Ga. 879, 881 (51 SE 755). "The court has no jurisdiction of the defendant until after service of process; and accordingly it was held in the case of *McClendon v. Hernando Phosphate Co.,* 100 Ga. 219, that while the suit commences when the petition is filed, it is not a 'pending suit' between the parties until after service of process." *Florida Central &c. R. Co. v. Ragan,* 104 Ga. 353, 356 (30 SE 745). Accord: *Cherry v. Gilbert,* 124 Ga. App. 847 (3) (186 SE2d 319). "A person named in the record as a party is not in fact a party to the action unless he has been duly brought in by legal process or has voluntarily appeared and submitted himself to the jurisdiction of the court . . . while the suit commences when the petition is filed, it is not a 'pending suit' between the parties until after service of process." *Webb & Martin v. Anderson-McGriff Hardware Co.,* 188 Ga. 291, 294 (3 SE2d 882).

Failure to pursue the matter with diligence and obtain service of the petition and process on the defendant did not toll the running of the statute of limitation prior to the enactment of the Civil Practice Act. *Gulf Oil Corp. v. Sims,* 112 Ga. App. 68 (143 SE2d 776); *Smart v. Wilson,* 117 Ga. App. 572 (161 SE2d 409).

We are persuaded that this rule continues under the Civil Practice Act. It is provided by § 81A-103 that a civil action is commenced by the filing of a complaint, and under § 81A-104 provision is made for the issuance and service of process—the service to be made within five days from the time of receiving the summons and complaint, although failure to make it within the five days will not invalidate a later service.

Then what effect does a belated service have, particularly where the delay is great, as here? It is laches, authorizing the court to dismiss the action where the statute of limita-

tion had run before the service was so belatedly perfected. Although the late service is not "invalidated," it results in no pending suit between the parties until the date of the service and gives effect to the bar of the limitation. If the service had been perfected within the five days it would have related back, even though the statute ran between the filing of the petition and the perfection of service; and the suit also would be valid as a pending action upon which the plaintiff could proceed if, though late, service had been perfected before the running of the statute. No less diligence is required under the Civil Practice Act than was the case under the Practice Act of 1946.

■ Did the affidavit of Louis Dykes raise an issue of material fact? We think not. The mode for perfecting service on corporations is provided in *Code Ann.* § 81A-104 (d) (1). It is to be made on some officer of the corporation, or some agent thereof, and if service cannot be made in that fashion then it may be made by delivery of two copies of the summons and complaint to the Secretary of State, who may perfect it by mailing to the last known address of the corporation according to the records in his office. The Dykes affidavit in no manner contravenes the possibility of perfecting service under this section, nor does it show that service could not have been so made at any time, or that any effort to do so was made. The affidavit is, under this section, wholly immaterial.

Consequently, the grant of summary judgment was proper.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*