## 50461. HUTCHINS v. HUNTER.

EVANS, Judge.

On August 26, 1972, Ronald Hunter was a passenger in an automobile driven by John R. Gibson. The Gibson car collided with an automobile driven by Lacy Hutchins, as a result of which Hunter was killed.

Gibson sued Hutchins in the State Court of Chatham County, Georgia for property damages on October 10, 1973; and on the same date Minerva Hunter, mother of the deceased, Ronald Hunter, filed suit against Hutchins for her son's wrongful homicide in the Superior Court of Chatham County. Both parties plaintiff were represented by the same counsel.

Personal service was made upon defendant Hutchins in the Gibson case on October 17, 1973. But as to the superior court suit of Hunter against defendant Hutchins, the deputy sheriff was unable to obtain service at the same address.

Meantime, plaintiff's counsel was busily engaged in trying to learn all he could about the whereabouts of defendant, to the end that service might be properly perfected. Incidentally, the defendant Hutchins was represented in both the state court case and the superior court case by the same counsel.

Service was finally obtained in the superior court case on October 9, 1974. Defendant filed his answer on October 14, 1974, including a contention that the statute of limitation had expired on August 26, 1974; and on November 5, 1974, defendant moved for summary judgment in his favor because as contended, the statute of limitation had expired.

The trial judge heard the motion for summary judgment, denied same, and defendant appeals to this court. *Held:*

1. The filing of a suit with the clerk of the court will toll the running of the statute of limitation if it is followed up with a perfection of service within the time required by law, and such service will relate back to the time of filing so as to avoid the limitation. *Hilton v. Maddox, Bishop, Hayton &c., Inc.,* 125 Ga. App. 423 (1), 425 (188 SE2d 167). The sole question for decision here is

whether the service perfected after the two-year statute of limitation related back so as to avoid the running of the statute, and that must be determined by whether or not the plaintiff exercised diligence in having service perfected, even though service was made long after the complaint was filed. See *Gulf Oil Corp. v. Sims,* 112 Ga. App. 68 (143 SE2d 776).

2. Defendant offers no evidence in support of his motion for summary judgment, but bases same strictly upon the date as to the commencement of the suit and the date of service after the statute of limitation had run. In opposition to the motion, plaintiff offers the affidavit of her counsel and his secretary, and therein points out that the two suits had been filed against the same defendant, using the same addresses for process; service was made as to the state court suit, but a deputy sheriff had advised he was unable to obtain service on the defendant at the address and needed a better address; interrogatories had been filed against the defendant in the state court suit in an effort to obtain a better address; copies of correspondence with the defendant's insurance adjusters and counsel were attached; both telephone conversations and correspondence were had with attorneys for the defendant; defendant did not appear to answer the interrogatories, and a motion to compel answers was filed on July 3, 1974, and these answers were filed on July 15, 1974, *showing the same address as that given in the original petitions and on the original processes of both suits* as to which the deputy sheriff had informed opponent that he could not make service on the defendant at that address.

3. It was held in *Gulf Oil Corp. v. Sims,* 112 Ga. App. 68, supra, at page 69: "The issue raised by a petition seeking belated service of an action is whether the plaintiff has taken diligent action since bringing the action in an effort to perfect service. If the plaintiff has taken no action the petition should be denied as a matter of law. *Brunswick Hdw. Co. v. Bingham,* supra; *Church v. Church,* 151 Ga. 98, 101 (106 SE 114); *Nail v. Popwell,* 32 Ga. App. 20 (122 SE 632); *Stahle v. Jones,* 60 Ga. App. 397, 398 (3 SE2d 861); *Nelson v. Lovett,* supra. If the plaintiff has taken some action, the trial court must determine, exercising a legal discretion, whether or not the plaintiff

was diligent in his efforts. *Allen v. Mutual Loan &c. Co.,* supra; *Cox v. Strickland,* 120 Ga. 104, 114 (47 SE 912, 1 AC 870); *McClendon v. Ward-Truitt Co.,* 19 Ga. App. 495, 497 (91 SE 1000); *Griffler v. Southern R. Co.,* 30 Ga. App. 20, 22 (116 SE 655); *Nail v. Popwell,* supra (b); *Pape v. Richardson,* 37 Ga. App. 692 (141 SE 506); *Murphy v. Ferguson-McElhaney Motor Co.,* 40 Ga. App. 847 (151 SE 663)." See also the recent case of *Delcher Bros. Storage Co. v. Ward,* 134 Ga. App. 686.

4. Here in the case sub judice, the plaintiff had not only taken "some action" to effect service, but the record is replete with multitudinous actions taken by plaintiff in this respect (Rec. pp. 20-23). The judge unquestionably had the discretion to determine that the suit should not be dismissed for want of timely service, and his judgment is affirmed.

*Judgment affirmed. Deen, P. J., concurs. Stolz, J., concurs in the judgment.*

ARGUED APRIL 9, 1975 — DECIDED JUNE 9, 1975.

*Falligant, Doremus, Karsman, Kent & Toporek, Charles C. Brooks,* for appellant.
*David H. Fritts,* for appellee.

STOLZ, Judge, concurring in the judgment.

I concur in the judgment of the majority only because the trial judge found that "the plaintiff is not guilty of any negligence in having the defendant served . . ." In cases such as the one before us, the trial judge should have broad discretion, and that discretion should not be overturned unless manifestly abused.