## 62225. JOHNSON v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of theft of services valued at $185.69 from A to U Rental Center in violation of Code Ann. § 26-1807. In his sole enumeration of error, appellant contests the sufficiency of the evidence.

"A person commits theft of services when by deception and with the intent to avoid payment he knowingly obtains services,

accommodations, entertainment, or the use of personal property which are available only for compensation." Code Ann. § 26-1807. "The essential ingredient of the offense is the intention to avoid payment." *Roberson v. State,* 145 Ga. App. 687, 688 (1) (244 SE2d 629) (1978).

It is undisputed that on the morning of Saturday, July 12, 1980, appellant rented a bulldozer with trailer and a gasoline powered concrete floor grinder from the A to U Rental Center located in Clayton County. Appellant paid in advance for the one-day use of this equipment and, evidently, it was to be returned by 6:00 p.m. that same day. The equipment was not returned by appellant that Saturday but rather was picked up on the following Monday morning from appellant's home by an employee of the rental center. The rental center was closed on Sunday. The other pertinent facts are in dispute.

The evidence adduced on behalf of the state showed the following: Appellant called the rental office shortly before closing on Saturday and stated that he had been unable to complete the project he was working on, that he needed to use the equipment on Sunday, and that he would return it on Monday morning. It was agreed that appellant could keep the equipment until Monday morning provided he pay an additional day's rental fee. To this appellant responded, "Okay, [I] might see [you] by six." Appellant called Monday morning stating that his truck would not function and that if someone from the rental center would come to his home and pick up the equipment he would pay for any such pick-up charge in addition to the extra day's rental fee. The rental center picked up the equipment and, evidently, appellant did not make any additional payments as allegedly promised. The rental center forwarded to appellant a registered letter dated October 2, 1980, notifying him of overdue charges of $185.69.

The appellant's evidence showed the following: Appellant finished the project Saturday afternoon. With the realization that the rental center was a "long distance" away and was closed on Sunday, appellant called at approximately 4:00 p.m. and asked if someone would wait a few minutes past the scheduled closing time. Appellant received an affirmative response to his inquiry. On the way to the rental center, appellant stopped and again called the rental center and stated he was running later than originally anticipated. Again the person answering the telephone at the rental center said he would wait. Appellant arrived at 7:10 p.m. and no one was at the center. Because he could not leave the rented equipment at the center exposed and unprotected, appellant took it to his home. On Monday morning, appellant discovered that the transmission in his truck had

failed and therefore he called the rental center requesting that someone pick up the equipment. When the equipment was retrieved by an employee of the center, no mention was made of any additional money owed by appellant. Appellant did not hear from the rental center again until he received the registered letter of October 2, 1980.

There being no direct evidence of appellant's intent to obtain the use of this equipment by deception and with intent to avoid payment, the question is whether the circumstantial evidence warranted the conviction. "To sustain a conviction on circumstantial evidence only, the State must prove facts that are not only consistent with the hypothesis of the guilt of the accused, but the facts proved must exclude every other reasonable hypothesis." *Carr v. State,* 119 Ga. App. 540, 544 (167 SE2d 707) (1969). " 'When the circumstantial evidence supports more than one theory, one consistent with guilt and another with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt.' [Cit.] 'Circumstantial evidence is worth nothing in a criminal case, if the circumstances are reasonably consistent with the hypothesis of innocence, as well as the hypothesis of guilt.' [Cit.]" *Kreager v. State,* 148 Ga. App. 548 (252 SE2d 1) (1978).

In the instant case, the prosecuting witness testified that the rental center agreed on Saturday to permit appellant to keep the equipment until Monday morning if appellant would pay for the additional day's rental fee. The only circumstantial evidence from which it could be inferred that appellant at that time intended to obtain use of the equipment without paying for it is the fact that he did not return the equipment on Monday morning himself and the fact that he did not pay the additional day's rental fee. On the other hand, we have the unimpeached testimony that appellant's project was completed on Saturday, that he attempted to return the equipment on Saturday, that the equipment was not used on Sunday, that he could not return the equipment on Monday because his truck would not function, and that when the equipment was retrieved by the rental center's employee no mention was made of any additional fees. First, we are not convinced that the evidence was sufficient to establish the requisite intent on the part of the appellant. See *Adams v. State,* 145 Ga. App. 124 (243 SE2d 330) (1978). However, even assuming that the evidence adduced by the state was sufficient to support the hypothesis of appellant's guilt, it failed to exclude every other reasonable hypothesis. The evidence that appellant did not return the equipment himself and has not paid the additional fee is equally consistent with the theory that he merely breached a civil contract. See *Roberson v. State,* supra. " 'Hence, the facts in evidence

and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence. When the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence. [Cit.]' [Cit.]" *Kreager v. State,* supra at 549. Accord, *Roberson v. State,* supra at 689. " 'One of the fundamental principles of law in Georgia is that we do not imprison people for debt.' " *Southland, Inc. v. Witschell,* 96 Ga. App. 162, 163 (99 SE2d 551) (1957).

As the state failed to carry the burden of proof, the judgment of conviction must be reversed.

*Judgment reversed. Pope, J., concurs. Deen, P. J., concurs in the judgment only. Banke, J., disqualified.*

DECIDED SEPTEMBER 10, 1981.

*C. Lawrence Jewett,* for appellant.
*William E. Frey, Solicitor, Martin L. Cowen III,* for appellee.