## 63988. SMITH v. GRIGGS et al.

POPE, Judge.

Plaintiff/appellant Harwell B. Smith brought this action against defendants/appellees Tony Allen Griggs and his father James D. Griggs for damages incurred as the result of an automobile collision on May 3, 1978. This action was filed on March 26, 1980 and alleged that defendants were residents of Georgia at the time of the collision but had subsequently become residents of Florida; therefore, jurisdiction was proper under Georgia's Long Arm Statute, Code Ann. § 24-113.1 et seq. Although this action was filed within the two-year period established by the statute of limitation for injuries to

the person (Code Ann. § 3-1004), service was not perfected on James Griggs until May 23, 1980, 56 days after the filing of the complaint and after the period of time provided by the statute of limitation. Tony Griggs has not yet been served process in this case. Defendants filed a motion to dismiss this action as barred by the statute of limitation due to insufficiency of service of process. The trial court granted the motion finding that plaintiff had failed to demonstrate due diligence as to service of process in this case, both as to his "extensive" delay in serving James Griggs and also as to his total failure to serve Tony Griggs. Plaintiff appeals.

The record disclosed that plaintiff in his complaint set forth 4211 Woodland Avenue, West Tampa, Florida as the address of both defendants. The return of service showed that James Griggs was personally served at the sheriff's office of Pinellas County, Florida. The return from Pinellas County for Tony Griggs showed that process was received on May 22, 1980 and he could not be found; this return noted that Tony Griggs was now living in Chicago, Illinois. Defendants' answer, filed on June 19, 1980, denied jurisdiction on the ground that Tony Griggs was a resident of Carpentersville, Illinois and James Griggs a resident of Clearwater, Florida. On January 26, 1981 plaintiff propounded his first interrogatories to defendants. As is pertinent here, these interrogatories posed questions relating to service of process on defendants and to their jurisdictional challenge. On April 6, 1981 plaintiff propounded his second interrogatories in which he requested certain information as to James Griggs, inter alia his current address and telephone number. A response was filed on July 17, 1981 providing a current address, but only after plaintiff had filed a motion to compel a response on July 9, 1981. Finally, on November 3, 1981 plaintiff propounded a third interrogatory in which he requested the current address and telephone number of Tony Griggs. Plaintiff's first and third interrogatories are un-answered in the record.

Defendants moved to dismiss this action on November 6, 1981. Both sides submitted briefs, and plaintiff submitted the affidavit of his attorney in opposition to the motion. The affiant averred that Tony Griggs could not be found within this state; that at the time this action was initiated defendant Tony Griggs was residing at the West Tampa address set forth in the complaint; that service at this address was unsuccessful on or about March 26, 1980; that based on new information service was attempted at 1572 S. Evergreen Avenue, Clearwater, Florida; that service at this address was unsuccessful on May 23, 1980; that based on further new information service was attempted at 3014 North Wakefield Drive, Carpentersville, Illinois; and that service at this address was unsuccessful on August 14, 1981.

Affiant further averred that plaintiff's attempts to ascertain Tony Griggs' whereabouts via interrogatories to his father James Griggs had failed to produce a response. Finally, affiant stated that plaintiff's original counsel of record had died during the pendency of this action and that affiant had been subsequently retained on December 6, 1980.

1. Plaintiff contends that the statute of limitation in this case has been tolled and relies on this court's decision in *Railey v. State Farm &c. Ins. Co.,* 129 Ga. App. 875 (1) (201 SE2d 628) (1973), in which we noted that the statute of limitation is tolled where a defendant removes himself to another state until he returns to this state to reside. Code Ann. § 3-805. However, the tolling effect of § 3-805 is limited. "The tolling by reason of removal from this state applies only if the removal makes it impossible to perfect service on the defendant. It has generally been held that if process could be lawfully served on the defendant, thus enabling the plaintiff to proceed with his action, the period of the defendant's absence from the state is not to be excluded from the period of limitation, and the statute continues to run during the absence." *Railey,* supra at 877. At the time *Railey* was decided the Georgia Long Arm Statute did not apply to situations, such as in the case sub judice, where the defendant was a resident of this state at the time the tort was alleged to have been committed and thereafter removed himself to another state. Hence, service was impossible thereunder and the statute of limitation was tolled. However, in 1977 the Long Arm Statute was amended to specifically include such a defendant. Ga. L. 1977, pp. 586, 587 (Code Ann. § 24-117). See generally *Crowder v. Ginn,* 248 Ga. 824 (286 SE2d 706) (1982). Since process could lawfully be served on defendants in the case sub judice, Code Ann. § 3-805 did not toll the running of the statute of limitation. Leggett v. Strickland, 640 F2d 774 (2) (5th Cir. 1981).

2. Plaintiff also contends that he was diligent in attempting to assure that proper service was made as quickly as possible. Code Ann. § 81A-104 (c) provides: "When service is to be made within this State, the person making such service shall make such service within five days from the time of receiving the summons and complaint; but failure to make service within such five-day period will not invalidate a later service." This proviso applies as well to service made outside the state pursuant to the Long Arm Statute. Code Ann. § 24-115. "In any case, the correct test [is] whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible. There, of course, will be situations where despite all the diligence of the plaintiff, service cannot be obtained within 5 days and before the

expiration of the statute of limitation. A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be." *Childs v. Catlin,* 134 Ga. App. 778, 781 (216 SE2d 360) (1975); *Hutchins v. Hunter,* 135 Ga. App. 40 (3) (217 SE2d 375) (1975); *Hilton v. Maddox, Bishop, Hayton &c., Inc.,* 125 Ga. App. 423 (188 SE2d 167) (1972). The plaintiff has the burden of showing lack of fault. *Scoggins v. State Farm &c. Ins. Co.,* 156 Ga. App. 408 (274 SE2d 775) (1980); *Bible v. Hughes,* 146 Ga. App. 769 (3) (247 SE2d 584) (1978).

The affidavit of plaintiff in this case offered no explanation as to why service was not perfected upon James Griggs until 56 days after the complaint had been filed. Nor does the affidavit make any reference to investigations made to locate Tony Griggs until the plaintiff began to propound interrogatories to James Griggs in 1981. The record shows that a request for a current address for Tony Griggs was not made until November 3, 1981, nearly 18 months after the complaint had been filed. "The trial court was authorized to exercise its discretion in determining whether under the facts presented to it the delayed service constituted laches so as to warrant dismissal where the statute of limitation had run before the service was belatedly perfected. [Cits.] Considering the factual posture, we cannot say as a matter of law that the trial court abused its discretion in holding that [plaintiff] did not exercise due diligence in attempting to perfect timely service on defendant[s] in the personal injury portion of the claim." *Early v. Orr,* 135 Ga. App. 887, 888 (219 SE2d 622) (1975). Compare *Hutchins v. Hunter,* supra. However, the complaint in this case also alleged damages to plaintiff's vehicle, the statute of limitation for which had not run. See Code Ann. § 3-1002. Therefore, it was error to dismiss the entire complaint. *Webb v. Murphy,* 142 Ga. App. 649 (236 SE2d 840) (1977).

*Judgment affirmed in part; reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 5, 1982 —
REHEARING DENIED OCTOBER 19, 1982 —

*Thomas J. Casurella, Roy E. Barnes,* for appellant.
*Lynn A. Downey, Kevin Williams,* for appellees.