WILLIAMS vs. SULTER.

1. The civil jurisdiction of a justice's court is limited to cases at issue *ex contractu* and cases of injuries or damages to personal property, where the principal sum does not exceed one hundred dollars. A justice has no jurisdiction to render a judgment for damages in an action for suing out a garnishment maliciously and without probable cause; if he does so, such a judgment may be attacked by affidavit of illegality.

2. The case carried up by *certiorari* was only that made upon the affidavit of illegality to the execution issuing from this void judgment, and when the applicant for the writ had paid all costs accruing in that case, and given the bond and security required by law, she had complied with the conditions which entitled her to it.

March 23, 1886.

Jurisdiction. Justice Courts. Judgments. Illegality. Before Judge ADAMS. Chatham Superior Court. December Term, 1885.

Esau Williams brought his action against Rosa Sulter to the May term, 1885, of a justice's court, to recover $100 damages, on the ground that the defendant maliciously and without probable cause sued out a garnishment and. had the plaintiff's daily wages garnished; that the garnishment was dismissed on the hearing; and that the plaintiff had lost his employment by reason of it, and had been put to the expense of attorney's fees. No plea to the jurisdiction was filed. On the trial, the justice rendered judgment for the plaintiff for $20. The defendant, appealed to a jury in the justice's court. The jury found

for the plaintiff $75, and an execution issued and was levied. The defendant interposed an affidavit of illegality, on the ground, in substance, that the justice's court had no jurisdiction of the subject-matter of the action. The justice overruled the affidavit, and the defendant sued out a writ of *certiorari*, excepting only to the ruling as to the illegality. The justice made the following certificate:

"I hereby certify that Rosa Sulter has paid the cost arising from the trial of the illegality case. I also certify that the cost arising from and due on the trial of the appeal of Mrs Rosa Sulter to a jury is not paid. I further certify that Rosa Sulter has given bond, as required by law."

On the hearing, the plaintiff's counsel moved to dismiss the *certiorari*, on the ground that the certificate was not that required by law. The presiding judge overruled this motion and sustained the *certiorari*, and the plaintiff excepted.

P. M. & R. W. RUSSELL; LEVY & LAZARON, by brief, for plaintiff in error.

J. J. ABRAMS, for defendant.

HALL, Justice.

One question made by this record is, whether an action for suing out a garnishment maliciously and without probable cause is cognizable in a justice's court, where the amount of damages claimed does not exceed one hundred dollars, and whether, where a judgment is rendered in favor of the plaintiff, on which a *fi. fa.* has issued and been levied on defendant's property, its execution can be arrested by an affidavit of illegality, alleging that the entire proceeding was *coram non judice* and void.

1. These are courts of limited jurisdiction and can take nothing by intendment. They must show express authority for all their jurisdictional acts, and in its absence these acts are void. The constitution, Code, §5153, confers jurisdiction upon these courts in all civil cases arising *ex con-*

*tractu*, and in cases of injuries or damages to personal property when the principal sum does not exceed one hundred dollars. This limitation of the jurisdiction is expressed in the same language in §4130 of the Code. How injuries or damages to personal property, under any authorized rule of construction, can be made to include injuries to the person or reputation, to which class the wrong complained of here belongs, we cannot understand. This judgment had no more force and was entitled to no more consideration than so much waste paper. It was in no legal sense a judgment, and was, therefore, properly arrested and set aside, either upon affidavit of illegality or motion to vacate for want of jurisdiction; it "is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Code, §3594.

2. The case brought up by *certiorari* was only that made upon the affidavit of illegality to the execution issuing from this void judgment, and when the applicant for the writ had paid all cost accruing in that case and given the bond and security required by law, she had complied with the conditions entitling her to it. Code, §4054.

Judgment affirmed.