### 6317. HERSCHMAN *v.* CRAPPS.

That a judge of a constitutional city court, who presided in the trial of a case in a city court other than his own, after hearing, with the consent of counsel for both parties, under an order passed in the court in which the case was tried, a motion for a new trial at a place outside the jurisdiction of that court, reserved his decision, and thereafter at that place entered a judgment overruling the motion for a new trial, does not afford a basis for an affidavit of illegality to the levy of a fi. fa. issued upon the original judgment, though the losing party had no notice of the judgment overruling his motion for a new trial until it was too late to except.

DECIDED FEBRUARY 24, 1916.

Action for breach of contract; from city court of Baxley—Judge Knox presiding. May 21, 1914.

*W. W. Bennett,* for plaintiff in error. *V. E. Padgett,* contra.

RUSSELL, C. J. Crapps obtained a judgment against Herschman at the November term, 1913, of the city court of Baxley, and during the term Herschman made a motion for a new trial. We are not at this time concerned with the merits of the motion, and it does not appear in the record. During the February term, 1914, of the city court of Baxley the hearing of the motion was continued by his honor Gordon Knox, judge of the city court of Hazlehurst, who was then presiding as judge of the city court of Baxley, to be heard at 1:30 p. m. on February 14, 1913, at Hazlehurst, Georgia. At the time and place set for the hearing, the movant, by his counsel, appeared and presented the brief of the evidence and certain grounds amendatory to the original motion for a new trial. The brief of evidence was approved, the additional grounds were certified, and the case was argued. The judge reserved his decision upon the motion until the 16th or 17th day of February, when he signed an order overruling the motion for a new trial as of the date February 14, 1913. On March 31, 1914, an execution was issued upon the original judgment, and the plaintiff in error, as alleged in the bill of exceptions, learned for the first time that his motion for a new trial had been overruled. On April 4 the execution was

levied upon Herschman's property, and on April 6 he filed an affidavit of illegality, setting up, among other things, that the presiding judge of the city court of Baxley had no jurisdiction to pass upon and determine the motion outside of the county in which that court was located, and that for that reason, as well as because the order overruling the motion for a new trial, while apparently signed on February 14, was in fact granted on the 16th or 17th of February, the judgment overruling his motion for new trial was void. In another ground of the affidavit of illegality it is contended that, the judgment overruling the motion for a new trial being void for want of jurisdiction, the motion was still pending; and that it was illegal to issue a fi. fa., or to have the fi. fa. proceed by levy upon his property, since the judgment was suspended and superseded by the pending motion.

It will be seen that the illegality depends entirely upon the premise that the judge who presided in the case in the city court of Baxley had no power to deal with the motion at any place outside of the jurisdiction of the city court of Baxley; and if the premise is sound, the conclusion that the affidavit of illegality should have been sustained is inevitable; because, while an affidavit of illegality can not collaterally attack or go beyond the judgment of a court of competent jurisdiction, a judgment rendered by a court without jurisdiction can be attacked by affidavit of illegality, for the simple reason that such a purported judgment is a nullity. *Williams* v. *Sulter,* 76 *Ga.* 355; *Morris* v. *Morris,* 76 *Ga.* 733. The real question in this case, then, is whether the judge of a city court who has tried a cause in a court other than his own can legally pass upon a motion for a new trial at a place which is outside the jurisdiction of the court over which he presided and in which the trial was had. We pass over the point that the judgment was signed on the 16th or 17th of February, instead of the 14th. This is of no importance, because even if the judge had not reserved his decision, it was the same in effect as the entering of an order nunc pro tunc.

As to the jurisdictional question: Under the provision by which judges of the superior courts are empowered to exercise the functions of that office in any county in the State, it has been well-nigh the universal practice for the hearing of motions for a new trial to be set at such place as may be most convenient to the judge who tried the case, without regard to whether the place was within the

jurisdiction of the particular court in which the case was tried or not. We are inclined to think that under the broad provisions of the act of 1899, embodied in section 4828 of the Civil Code, a judge of a constitutional city court who is selected to preside in another such court, in a county different from his own, might set the hearing of the motion at a place within the jurisdiction of the court over which he himself presides, though he could not originally have tried the case at that place. However, in the present case, the plaintiff in error, by his own consent and acquiescence before the judge passed upon his motion for a new trial, precluded himself from thereafter raising the jurisdictional question now presented. Section 3 of the "practice act" of 1911 (Acts of 1911, p. 150) provides, that "where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, or of the approval of the brief of evidence, or of the filing of such motion or brief, or of the jurisdiction of the judge to entertain the motion at the time he did, if the parties acquiesced in his entertaining it at that time, no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted on before the trial judge." In this case the judge who tried the case, and who had jurisdiction to entertain the motion for a new trial at the time it was made, passed an order in the court in which the case was tried, providing that the motion should be heard outside the county in which that court was located, and in the county in which was located the court of which he was the judge. This order was passed with the consent of counsel for both parties, they appeared at the time and place designated in the order, and the judge heard argument from them at that time and place on the merits of the motion for a new trial. Where an order authorizes the hearing of a motion at a certain place, the authority to hear the motion includes authority to determine the matter at that place. The announcement of the judge in this case, on the hearing of the motion for a new trial at the place appointed in the order, that he would pass upon the motion later, amounted to an extension of the time of disposing of the matter at that place; and if the movant had any objection to this, it should have been presented then and there. No question as to the jurisdiction of the judge to dispose of the motion subsequently at that place was then raised, but the

43

parties acquiesced therein; and therefore no question as to this matter could be raised after the motion had been finally disposed of.

We do not think that the reference to time, in the provision that "no question . . of the jurisdiction of the judge to entertain the motion at the time he did" shall be entertained unless first raised as provided in the section quoted from, was intended to make this provision apply only to such jurisdictional questions as relate to time, and not to other questions affecting jurisdiction at that time. It seems to us manifest that the purpose of this section is to require that all questions as to the jurisdiction of the trial judge to entertain the motion for a new trial shall be presented to him, and shall be presented before he passes upon the merits of the motion.

It is plain that the fact that the movant did not know of the overruling of the motion for a new trial affords no ground for the interposition of an affidavit of illegality; for (aside from other reasons that might be stated) it was the duty of the movant to keep himself informed as to the disposition of the case, especially as he knew that the judge had reserved his decision. It does not' appear that after entering the order of February 16 or 17 the judge did not forward it to the clerk of the city court of Baxley, or that it was not entered upon the minutes of· that court, which was in session until February 28. In the exercise of ordinary diligence the movant should have examined the minutes; and, in view of his agreement that the case should be heard at Hazlehurst, he had no right to rely upon the expectation that "the judge might come to Baxley" to finally determine the question. In view of the movant's consent that the case be heard at Hazlehurst, it is immaterial that the city court of Baxley was in session, with a different judge presiding, when the judge who tried the case was hearing the motion for a new trial at Hazlehurst; for no question of that kind was presented at the hearing. *Judgment affirmed.*