23594. CARTER *v.* SPIEGEL, MAY, STERN COMPANY.

DECIDED APRIL 6, 1934.

*William H. Boyd, W. G. Warnell,* for plaintiff.
*Frederick A. Tuten,* for defendant.

BROYLES, C. J. The bill of exceptions in this case contains the following recitals: "On May 26, 1933, in the case of James E.

Carter, plaintiff in certiorari, vs. Spiegel, May, Stern Co., defendant in certiorari, pending in the superior court of said county, the issue formed upon the answer of the judge of the municipal court of Savannah to the petition for certiorari and the traverse thereto filed by the plaintiff in certiorari was tried in the superior court of Chatham county, Georgia, before Judge A. J. McDonald of the Cordele judicial circuit of Georgia, then presiding by appointment in the superior court of Chatham county, and a jury in said last-named court. The jury returned a verdict against the traverse, and upon this verdict said presiding judge overruled the petition for certiorari. Within the time allowed by law the plaintiff in certiorari filed a motion for a new trial, and Judge McDonald, still presiding in Chatham superior court when said motion was filed, granted a rule nisi, making the same returnable before him at Fitzgerald in said Cordele circuit on the 10th day of June, 1933. Said rule nisi was granted on the 29th day of May, 1933, and on said last-stated date, but after the granting of said rule, Judge McDonald's term of appointment to preside in Chatham superior court expired.

"On June 10, 1933, Honorable P. W. Meldrim, judge of the superior court of Chatham county, wherein said case, including said motion for a new trial, was pending, granted the following order: 'In the superior court of Chatham county, Georgia, March term, 1933. James E. Carter, plaintiff in certiorari, vs. Spiegel, May, Stern Co., defendant in certiorari. Certiorari from the municipal court of Savannah. Traverse of answer. Verdict and judgment against traverse. It appearing in the matter of the motion for a new trial filed in the above-stated case that the rule to show cause, issued by A. J. McDonald, judge of the Cordele circuit of Georgia, then presiding in the superior court of Chatham county, Georgia, was made returnable before said judge of said Cordele circuit on the 10th day of June, 1933, at 10 o'clock a. m.; that the term of which said judge of said Cordele circuit was appointed to serve in the stead of Judge P. W. Meldrim, judge of the superior court of Chatham county, ended May 29th, 1933, on which day said rule nisi was issued (prior to the adjournment of the superior court of Chatham county for the March term, 1933); and it further appearing that, by reason of the termination of his term of appointment as judge in the superior court of Chatham county, the said

Judge A. J. McDonald, judge of the Cordele circuit, has no juris-
diction to hear and determine the said motion for a new trial filed
May 29, 1933, in said Chatham superior court, it is ordered that the
said rule be and the same is hereby modified and amended, and be
and the same is hereby made returnable before me on the 3d of July,
1933, at 10 o'clock, a. m. It is further ordered that the movant
have until said hearing to prepare and present a brief of the evi-
dence in said case, and amend his said motion. Further ordered
that a copy of this order be served upon the respondent. This June
10th, 1933. P. W. Meldrim, Judge Superior Court Eastern Judi-
cial Circuit.' F. A. Tuten, attorney of record for defendant in cer-
tiorari, acknowledged service of the foregoing order. On July 18,
1933, the following order was filed in the office of the clerk of the
superior court of Chatham county: 'Carter vs. Spiegel, May, Stern
Co. Chatham superior court. Certiorari from municipal court.
Judgment for defendant in certiorari. Motion for new trial. The
movant failing to appear, either in person or by attorney to prose-
cute said motion, it is considered, ordered, and adjudged that said
motion for a new trial be and the same is hereby dismissed for want
of prosecution. Let this order be entered on the minutes of Chat-
ham superior court. This June 10, 1933. A. J. McDonald, Judge
Superior Courts, Cordele Circuit, presiding.' The foregoing order
of Judge McDonald, dismissing the motion for a new trial, was
passed by him while he was presiding in his own circuit, and after
his term of appointment for service in Chatham superior court had
expired. On August 3, 1933, said motion for new trial was called
for a hearing in the superior court of Chatham county before P. W.
Meldrim, judge of said court (the hearing of said motion having
been, by proper orders of said court, continued until said last stated
date, with the right of movant to present brief of evidence for ap-
proval and filing, and right to amend said motion preserved).
Movant duly presented a brief of evidence given on the issue of
traverse for approval and also an amendment of said motion for a
new trial. The court refused to approve the brief and refused to
approve and allow the amendment, on the ground that he did not
try the case and was not familiar with the facts and ruling of the
court trying the case. Counsel for movant then suggested and re-
quested that the brief and amendment be referred to Judge Mc-
Donald for approval, and that the hearing of the motion for a new

trial be continued, pending the action of Judge McDonald on said brief and amendment. The court refused to submit the brief and amendment to Judge McDonald, and passed the following order: 'It appearing that this motion was dismissed by Judge McDonald on the 10th day of June, 1933, I must decline to take jurisdiction of the motion. All orders heretofore granted by me were without knowledge that Judge McDonald had dismissed the motion. August 3, 1933. (Signed) P. W. Meldrim, Judge.' The movant then excepted and now excepts to said ruling of the judge of the superior court of Chatham county refusing to take jurisdiction and hear said motion for a new trial, and avers that said ruling was equivalent to a denial of said motion for a new trial, and was and is error, because said superior court of Chatham county did have jurisdiction over said motion then pending therein, and Judge McDonald had no jurisdiction over or right to hear said motion or dismiss the same while he was presiding in his own circuit."

It will be noticed that the only assignment of error in the bill of exceptions is upon the refusal of Judge Meldrim to assume jurisdiction over the motion for a new trial, and the only reason assigned why such refusal was error was, "because said superior court of Chatham county did have jurisdiction over said motion then pending therein, and Judge McDonald had no jurisdiction over or right to hear said motion or dismiss the same *while he was presiding in his own circuit.*" (Italics ours.) Therefore, the assignment of error does not raise for determination by this court the question whether Judge McDonald had lost jurisdiction over the motion for new trial because of the alleged expiration of his term of appointment as presiding judge of the superior court of Chatham county; but the question raised by the assignment of error is: Was Judge McDonald without jurisdiction to dismiss the motion for new trial for want of prosecution *because he dismissed it in a county in his own circuit?* This question is answered adversely to the plaintiff in error by this court in *Herschman* v. *Crapps,* 17 *Ga. App.* 671 (88 S. E. 38). In that case Chief Judge Russell, speaking for the court, said: "Under the provision by which judges of the superior courts are empowered to exercise the functions of that office in any county in the State, it has been well-nigh the universal practice for the hearing of motions for a new trial to be set at such place as may be most convenient to the judge who tried the case, without

regard to whether the place was within the jurisdiction of the particular court in which the case was tried or not. . . Where an order authorizes the hearing of a motion at a certain place, the authority to hear the motion includes authority to determine the matter at that place." Under the foregoing ruling and the peculiar facts of the instant case, Judge Meldrim did not err in declining to assume jurisdiction of the motion for a new trial.

Judgment affirmed. *MacIntyre and Guerry, JJ., concur.*