23456. WALKA MOUNTAIN CAMP, NO. 565, WOODMEN OF THE WORLD, INC. v. HARTFORD ACCIDENT & INDEMNITY COMPANY.

SUBMITTED MAY 9, 1966—DECIDED JUNE 9, 1966.

*John N. Crudup*, for appellant.

*Carl Buice, Robinson, Thompson, Buice & Harben*, for appellee.

GRICE, Justice. An insured complains of the grant of its insurer's motion for summary judgment in a suit seeking reformation of the policy.

This complaint arose from an action filed in the Superior Court of White County by Walka Mountain Camp No. 565, Woodmen of the World, Inc., hereinafter referred to as "the insured," against Hartford Accident & Indemnity Company, hereinafter referred to as "the insurer," involving a liability policy issued to the insured by the insurer.

The petition made the following material allegations. The policy indemnified the insured for all sums for which it might become obligated by reason of liability imposed on it for bodily injury up to a specified amount per person, sustained by such person and caused by the insured's negligence in the operation and ownership of its premises. But the policy expressly excluded from its coverage any liability for injury occasioned by the maintenance, operation or use of saddle animals. This exclusion was a mutual mistake, as the parties intended and agreed that the policy afford such coverage. On a named date during the term of the policy, one Newt Hulsey, hereinafter referred to as "the injured party," sustained injuries while attending a public horse-racing and social event sponsored by the insured upon its premises, and subsequently it incurred liability to such injured party by reason of a judgment in a named amount, which remains unsatisfied. The insured's petition prayed that the policy be reformed so as to speak the intended agreement of the parties and that the liability imposed upon the insured as a result of the judgment against it be indemnified by the insurer.

The insurer's responses to the foregoing petition included a plea of res judicata, which recited that the injured party had previously filed suit against the insurer seeking to recover upon the same policy for the same injuries alleged in the petition. It attached and incorporated by reference the petition and the

amendment thereto in such previous case. The plea further recited that in such case the injured party was privy to the insured in this case, all of his rights being derived from the rights of such insured under the policy now sought to be reformed. The plea then alleged that the previous case between the injured party and the insurer terminated unfavorably to the injured party by the sustaining of general demurrers and dismissal of his petition, and that such judgment is conclusive as to the rights of the parties in the instant action. It prayed for judgment against the insured.

The insurer also interposed a motion for summary judgment upon five grounds. The one ground sustained, and complained of here, asserted that the insurer's plea of res judicata should be sustained. It recited that the issue in the instant case is one which could have and should have been raised and decided in the previous case by the injured party against the insurer, and incorporated the pleadings in that case. It further recited that the injured party in that case was privy to the insured in this case, all of his rights being derived from the position of this insured, and that there is identity of parties defendant and of subject matter in the two cases.

Upon the granting of such motion for summary judgment the insured enumerated that judgment as error and perfected this appeal.

The issue before us is apparent, to wit, whether the judgment in the previous suit by the injured party against the insurer, which adjudicated that the policy as written did not cover the injury, bars the present suit by the insured to reform the policy so as to recite such coverage.

This issue involves *Code* § 110-501, which provides that "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside."

The insurer urges that although the insured was not a party to the previous suit, the injured party, who is its privy, was. However, the decisive factor here is not whether the injured

party is a privy of the insured, but the opposite—whether the insured is a privy of the injured party.

For res judicata to obtain, the former suit must have been between the same parties, or their privies claiming under them. *Stevens v. Stembridge,* 104 Ga. 619, 622 (31 SE 413).

Therefore, in order for the insured to be concluded by the previous suit, it must have been a party to that suit or a privy of a party to that suit. It is neither.

A definition laid down many years ago is applicable here: "The general rule as to the effect of judgments is, that they are conclusive upon parties and privies. . . Privies are all persons who are represented by the parties and claim under them, all who are in privity with the parties, the term privity denoting mutual or successive relationships to the same rights of property." Nisbet, J., in *Smith v. Gettinger,* 3 Ga. 140, 142.

This insured is not represented by the injured party. Nor does it claim under the injured party. Furthermore, it has no mutual or successive relationship to the injured party as to the same right of property. In no sense can it be considered the privy of the injured party, who was the plaintiff in the previous suit against the insurer. Thus, there is no identity of parties plaintiff in this suit and the previous one by the injured party, and, therefore, the previous judgment does not conclude the insured here.

Having found no identity of parties in the two suits, it is unnecessary to determine whether the other essentials of res judicata, such as identity of subject matter, exist.

It was error to sustain the ground of the insurer's motion for summary judgment which pleaded res judicata.

*Judgment reversed. All the Justices concur.*