### 27734. HILL v. HARPER.

ARGUED FEBRUARY 14, 1973 — DECIDED MARCH 8, 1973.

*Holcomb & McDuff, Robert E. McDuff, Frank D. Holcomb,* for appellant.

*Cotton, Katz & White, Edwin K. Palmer,* for appellee.

NICHOLS, Justice. ■ Had the wife only sought to obtain custody of the child previously awarded to the husband because of changed circumstances after the original decree and child support for both children, then without question the action should have been filed in the county of the husband's residence. Compare *Perry v. Perry,* 212 Ga. 668 (95 SE2d 2); *Pirkle v. Pirkle,* 212 Ga. 752 (95 SE2d 663); *Martin v. Hendon,* 224 Ga. 221 (160 SE2d 893). However, the present appeal involves an attack upon

the original decree as having been obtained by fraud, and custody is sought, not because of changed conditions, but because she had been denied custody by the fraudulently obtained decree.

Was venue of the complaint in the Superior Court of Cobb County? If so, the judgment of the trial court must be affirmed and this is so whether or not the wife is entitled to any of the relief sought.

In *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719), it was held that an action to modify a decree awarding alimony is a separate action and must be filed in the county of the defendant's residence under the mandate of the Constitution, Art. VI, Sec. XIV, Par. VI (Code Ann. § 2-4906) although the Act of 1955 (Ga. L. 1955, pp. 630, 631; Code Ann. § 30-220) provided otherwise. The suit in *Bugden,* supra, is a separate action recognizing and relying upon the original divorce action. The present action is an attack upon a part of the original decree and the court's jurisdiction is based upon the original decree having allegedly been obtained by fraud. Under such circumstances the superior court granting the decree attacked is the superior court of appropriate jurisdiction as set forth in the Act of 1966 (Ga. L. 1966, pp. 609, 662 as amended; Code Ann. § 81A-160). Compare *Dixon, Mitchell & Co. v. Baxter & Co.,* 106 Ga. 180 (32 SE 24); *Hood v. Hood,* 143 Ga. 616 (85 SE 849), as to the proper method of attacking a judgment rendered by a court having jurisdiction of the parties and subject matter.

The judgment appealed from, which held that the trial court had jurisdiction for limited purposes, shows no reversible error.

*Judgment affirmed. All the Justices concur.*