### 33008, 33009. CANAL INSURANCE COMPANY v. CAMBRON et al.; and vice versa.

HALL, Justice.

Canal Insurance Company filed a suit in equity in Polk Superior Court seeking to set aside certain judgments against its former insured, Glover. This appeal is brought by Canal from adverse judgments which dismissed its complaint as to each defendant; granted each defendant summary judgment; denied Canal's motion for summary judgment; and dismissed Canal's complaint against Evelyn Hilton for additional jurisdictional reasons. There is a cross appeal.

Canal's insured was Glover, a taxi driver who was sued by his passengers, Mr. and Mrs. Hilton, following a serious automobile collision. Mr. Hilton later died of his injuries as did Glover. (For convenience, the suit instituted in his name will be referred to as Mr. Hilton's suit). Canal began defense of the Hiltons' suits against Glover, but later decided the relevant policy had been canceled by Canal prior to the collision. Canal withdrew from the defense, and one Cambron, the deputy clerk of Polk County Superior Court, was appointed Glover's administrator on the day of trial. Marson G. Dunaway, Jr., an attorney, represented Cambron as administrator of Glover's estate, and he was also counsel of record for the Hiltons in their suit *against* Glover. Cambron adopted the defensive pleadings filed by Canal and announced ready for trial; but when the case was called for trial he did not appear himself nor through counsel, and the Hiltons took default judgments. After hearing a minimal amount of evidence concerning damages, which was insufficient to prove the amounts sued for, namely $250,000 for Mr. Hilton and $100,000 for Mrs. Hilton, the court directed the jury to enter verdicts for the Hiltons in the amounts

sued for, and this was done.

Cambron then sued Canal to recover under the policy. Canal removed the suit to federal court, and in Polk Superior Court filed its own suit in equity under Code Ann. § 81A-160 seeking to set aside the Hiltons' judgments against Glover. The federal court stayed its decision pending decision of Canal's suit. The Polk Superior Court ruled against Canal, granting on all grounds the defendants' motions to dismiss its suit in equity, and defendants' motions for summary judgment. There was a counterclaim brought by defendants Cambron, Dunaway and Evelyn Hilton against Canal, alleging abuse of process in claiming fraud without basis. The trial court denied the counterclaim and this judgment is the basis of the cross appeal.

1. For clarity, some hotly contested initial matters must be decided. Contrary to defendants' (Cambron and the Hiltons) argument here, Canal has not brought a collateral attack on these judgments. A suit in equity is a direct attack under Code Ann. § 81A-160 (b). *Lewis v. Lewis,* 228 Ga. 703 (187 SE2d 872) (1972). Additionally, there is no requirement that to attack it Canal show the judgment to be void *on its face.* See, e.g., *Henry & Co. v. Johnson,* 178 Ga. 541 (173 SE 659) (1933). Voidness "on its face" under § 81A-160 (a) is said to allow any person to attack a judgment in any court; but it does not specify the only way an entity affected by a judgment may attack it. Canal has sought to proceed under Code Ann. § 81A-160 (e) with a complaint in equity to set the judgment aside "for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fraud of the complainant." Defendants contend that Canal may not bring such an attack because it was not a party to the judgment. This is an incorrect proposition.

Our statute is dissimilar to the federal rule allowing attacks on judgments (Rule 60, Fed. R. Civ. Proc.), and the noted treatises thereon, usually so helpful, are inapposite. But Georgia case law shows that relief in equity is not limited to parties, nor even to their "privies" in the narrowest[1]

---

[1] " 'The general rule as to the effect of judgments is, that they are conclusive upon parties and privies. . .

technical sense.

Since 1852 it has been the law of Georgia that when a court purports to render judgment beyond its jurisdiction, the judgment is void as *to a third person,* "and may be impeached whenever and wherever it is sought to be used as a valid judgment." *Central Bank of Ga. v. Gibson,* 11 Ga. 453 (1852). It is clear that a third person not a party to a judgment may attack it for fraud, as Canal seeks to do. *Lewis v. Lewis,* 228 Ga. 703, supra; *Simpson v. Bradley,* 189 Ga. 316, 318 (5 SE2d 893) (1939).

The Restatement of Judgments addresses the problem directly: "§ 115 *Persons Not Parties to a Judgment.* (1) Any person whose interests have been adversely affected by a judgment, and only such a person, may be entitled to equitable relief. [Comment f. on subsection 1:] A person who is subjected to liability by the rendition of a judgment, *whether or not he is a party to it,* is entitled to equitable relief against it if it was improperly obtained, in accordance with the rules stated in this Chapter." Restatement, Judgments § 115 (1942). (Emphasis supplied.)

There can be no doubt that Canal is an entity subjected to liability by the rendition of the judgment, within the meaning of the Restatement. This conclusion follows from prior holdings. For example, "In the absence of fraud and collusion, if an automobile insurer who has a right to defend actions against the insured has timely notice of such an action and elects not to defend, the judgment in such case is binding on the insurer as to issues which were litigated therein, when the insurer is later sued by the injured person." *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695, 701 (112 SE2d 194) (1959).

Therefore, the fact that Canal was not a party to the judgments it seeks to attack does not prevent its bringing this action.

---

Privies are all persons who are represented by the parties and claim under them, all who are in privity with the parties, the term privity denoting mutual or successive relationships to the same rights of property.' " *Walka Mountain Camp v. Hartford Acc. &c. Co.,* 222 Ga. 249, 252 (149 SE2d 365) (1966).

2. The attack is brought on the ground of fraud, among others, and defendants assert that the complaint is subject to dismissal because the allegations of fraud are not adequately particularized. The defendants' position overlooks *Bryant v. Bryant,* 236 Ga. 265 (223 SE2d 662) (1976), holding that fraud does not have to be pleaded with particularity to withstand a motion to dismiss. The proper remedy is by motion for a more definite statement under Code Ann. § 81A-112 (e). The allegations of fraud in the complaint are adequate to state a claim.

What has been written is sufficient to show that Canal is entitled to its day in court seeking to prove the allegations of its complaint. Defendants in their motion for summary judgment failed to show that they were entitled to judgment as a matter of law and that there were no material fact issues remaining for decision. Code Ann. § 81A-156 (c). If Canal succeeds below, the entire judgments including liability and damages may fall. But Canal may not succeed on its fraud theory, requiring that we consider its independent attack on the damages portion of the Polk County judgments.

3. Canal attacks the award of damages totalling $350,000 on the ground that the trial judge's directing the jury to return verdicts in that amount exceeded the power of the court because the amount of damages is for the jury to determine. Again, Canal need not show that the alleged unauthorized act is visible "on the face of the record" subjecting it to collateral attack, in order to attack the judgment. This is a direct attack brought under Code Ann. § 81A-160 (e). Although the language of that section mentions only the following situations, "Complaint in equity may be brought to set aside a judgment for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant," equity has the power to afford relief on more grounds than those mentioned. In *Kitchens v. Clay,* 224 Ga. 325, 327 (161 SE2d 828) (1968), we ruled that subsection (e) embodied the principles of former Code Ann. §§ 37-219 and 110-710, repealed by the CPA, and cases under those sections applied under subsection (e). The principles of Code Ann. § 110-709, which was *not* repealed by the CPA, apply to subsection (e). See *Wasden v. Rusco Industries,*

233 Ga. 439, 445 (211 SE2d 733) (1975). Code Ann. § 110-709 reads as follows: "The judgment of a court having [sic] jurisdiction of the person or subject-matter, *or void for any other cause,* is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." (Emphasis supplied.) (The statute is obviously misprinted, and means to refer to a court *not* having jurisdiction, etc.) This court wrote 25 years ago that a judgment void on jurisdictional grounds could be attacked by third parties: "A lack of jurisdiction or power in a court entering a judgment always avoids the judgment, and this is especially true as it relates to and affects the rights of other parties; such action is a mere usurpation of power by the court and may be declared void collaterally without any direct proceedings to revise it. *Prescott v. Bennett,* 50 Ga. 266. And since the court rendering the judgment here involved had no jurisdiction or power to give it any retroactive effect, its action in attempting to do so was a nullity; and such action, being therefore void, is subject to collateral attack by anyone whose rights are affected thereby, whenever and wherever asserted. Code § 110-709; *Western Union Telegraph Co. v. Taylor,* 84 Ga. 408 (11 SE 396, 8 LRA 189); *Deck v. Shields,* 195 Ga. 697 (25 SE 2d 514); 31 AmJur 184, § 583." *Royal Indem. Co. v. Mayor &c. of Savannah,* 209 Ga. 383, 391 (73 SE2d 205) (1952). Accord, *First Fidelity Ins. Corp. v. Busbia,* 128 Ga. App. 485, 486 (197 SE2d 396) (1973).

We construe Code Ann. § 110-709 to give a remedy under Code Ann. § 81A-160 (e) to third parties who attack a judgment as void for any cause. Accord, Restatement, Judgments, § 117 and Comment c (1942). Anything to the contrary in *Thomas v. Lambert,* 187 Ga. 616 (1 SE2d 443) (1939) is overruled.

It follows that Canal may bring the attack. We must now ask whether the attack has merit; that is, whether the judgments are "void" albeit not void on the face of the record.

The right to a jury verdict on the issue of damages in an ex delicto action is embedded in the Constitution. Code § 2-3307 (formerly, Constitution 1945; Code Ann. § 2-3907.) Code Ann. § 81A-155 (a) states: "The plaintiff

shall be required to introduce evidence and establish the amount of damages . . . before a jury as to actions ex delicto." That was not done in the Hiltons' suits; instead, the trial court instructed the jury to return the damage amounts awarded. The resulting judgments are void because they surpass the jurisdiction of the court. "The trial court was without jurisdiction to render the judgment without the verdict of a jury, the action being for unliquidated damages, and such judgment was void." *Greene v. Greene,* 76 Ga. App. 225, 228-229 (45 SE2d 713) (1947). Cf. *First Fidelity Ins. Corp. v. Busbia,* 128 Ga. App. 485 (197 SE2d 396) (1973). The direction of the jury verdict was equivalent to the trial court's dispensing with the jury altogether (*Ga. Farm Bureau Mut. Ins. Co. v. Williamson,* 124 Ga. App. 549, 551 (184 SE2d 665) (1971)), which is reversible error in an ex delicto action.

Defendants argue that the State Court of Polk County was empowered by the Act creating it to act without a jury absent a demand for a jury trial (which was not made). Ga. L. 1901, 156 at 159. Defendants cite numerous old decisions. However, "where a provision of a special Act establishing a court of record conflicts with a provision of the Civil Practice Act, the latter controls. [Cits.]" *Pittman v. McKinney,* 135 Ga. App. 192 (3) (217 SE2d 446) (1975). See also *Marler v. C & S Bank of Milledgeville,* 239 Ga. 342 (236 SE2d 590) (1977). The local Act's provision that a jury is waived if not demanded in ex delicto actions conflicts with the CPA which requires a jury, and must therefore yield. *Pittman v. McKinney,* supra. Construing Code Ann. § 81A-155, since that section contemplates a foregoing default judgment, it is incorrect to interpolate, as defendants ask, a requirement that the nonappearing defendant must have spoken up to demand a jury to determine the amount of damages, to avoid waiver.

It follows that the unauthorized act of the State Court of Polk County in directing the jury to enter certain damage verdicts renders the judgments entered thereon void.

4. We come now to the contention that the federal court's action is res judicata on certain issues in this litigation. It is not necessary for us to construe the full

scope of the federal court's orders including that staying its action pending the outcome of Canal's Polk County attacks on the judgments, of which the instant appeal is a part. It is plain from our reading of the orders that no issues discussed herein may reasonably be said to be res judicata.

5. What has been written allows Canal to proceed with its attack in equity on the judgments, and invalidates the damage amounts awarded by directed verdict. It therefore becomes unnecessary for us to consider Canal's additional argument that F. L. Hagen, adminstrator of Wesley Hilton's estate, was never properly made a party.

6. Mrs. Evelyn Hilton moved the trial court to dismiss the complaint as to her on the double ground that she was, at and since the time of the filing of the complaint, a resident of the State of South Carolina and was not properly served there, and that she was served after the statute of limitation on Canal's cause of action had run, meaning that Canal had failed to state a claim against her.

Under Code Ann. § 81A-104 (e) (2) Mrs. Hilton was subject to personal service outside Georgia in this action which is in the nature of an in rem[2] action affecting

---

[2] Our conclusion that an action to set aside a judgment is an action in rem or quasi in rem follows from the nature of a judgment as property within the state. A right to recover at law is a chose in action. Code § 85-1802. A dormant judgment is a chose in action. *Armstrong v. Harper,* 25 Ga. App. 71 (102 SE 463) (1920). A chose in action is personalty. Code § 85-1801. ". . . where the subject of the suit relates to an actionable interest or claim by the plaintiff in real or personal property located in this state, a court of equity in this state will have jurisdiction to render a decree *in rem* with respect to the particular property involved, so as to exclude the adverse interest of a non-resident who has been made a party . . . and . . . served by publication. . ." *Blount v. Metropolitan Life Ins. Co.,* 190 Ga. 301, 303 (9 SE2d 65) (1939).

Our analysis appears to accord with the majority

property rights flowing from a judgment. The return of service shows she was personally served by the deputy sheriff of Anderson County, South Carolina, and the service does not appear improper for any reason asserted.

Under 81A-160 (f) there was a three-year limitation period on Canal's bringing a suit in equity to attack the judgments. Suit was filed January 6, 1977, one day before the statute ran, but service on Mrs. Hilton was not perfected until July 19, 1977. Canal contends that its diligence during the interim period in attempting to locate Mrs. Hilton, who had moved to South Carolina but apparently maintained no fixed address, should enable service to relate back to the time of filing the complaint, under *Cox v. Strickland,* 120 Ga. 104, 114 (47 SE 912) (1904); *Hutchins v. Hunter,* 135 Ga. App. 40 (217 SE2d 375) (1975) and similar authority.

Mrs. Hilton had been represented by Marson Dunaway since the initiation of the Polk State Court suits, and continues to be represented by him now. Dunaway was himself made a defendant in Canal's action and had timely notice of the suit. He refused Canal's request that he accept service for Mrs. Hilton. He was asked by interrogatory and by personal contact to provide an address from Mrs. Hilton so that she might be served, and either he could not or he would not do so. Finally his secretary (perhaps on his instruction) provided an address and service was perfected soon thereafter on Mrs. Hilton, who was residing at the home of a third party. These facts show adequate diligence on Canal's part in attempting to

---

view in the United States: "Most courts regard such judgment as a res within the state, and the proceeding to set it aside as a proceeding in rem, and uphold the judgment setting aside or vacating the previous judgment, although no personal service within the state is made upon the defendant and although the service upon him was by publication or personally beyond the jurisdiction of the court." Annot., Process — Action to Set Aside Judgment, 163 ALR 504, 505 (1946).

On our facts, of course, Mrs. Hilton was personally served outside the state.

make service, and we see nothing indicating that Mrs. Hilton has been prejudiced in any way by the delay. Service on her relates back to the filing of the complaint so that Canal's action is not barred as to Mrs. Hilton. The superior court erred in dismissing the complaint as to her.

7. Considering the counterclaims which are the subject of the cross appeal, the trial court did not err in granting Canal's motion to dismiss them. *Simpson v. Jones,* 182 Ga. 544, 546 (186 SE 558) (1936) (litigation must first be terminated); *Monumental Properties v. Johnson,* 136 Ga. App. 39, 41 (220 SE2d 55) (1975) (same); *Terry v. Wonder Seal Co.,* 120 Ga. App. 423 (170 SE2d 745) (1969) (not recoverable by counterclaim in trial of same action).

*Judgments attacked in the main appeal reversed; cross appeal affirmed. All the Justices concur.*

ARGUED NOVEMBER 22, 1977 — DECIDED JANUARY 19, 1978 — REHEARING DENIED FEBRUARY 8, 1978.

*Hurt, Richardson, Garner, Todd & Cadenhead, T. Cullen Gilliland, Robert B. Wedge,* for appellant.

*Duffey & Sawhill, Harl C. Duffey, Jr., Marson G. Dunaway, Jr.,* for appellees.