## 34773. BONNEAU v. OHME.

JORDAN, Justice.

Appellant filed a petition in equity in the Superior Court of DeKalb County to set aside a final order of adoption granted to appellee by the Superior Court of Gwinnett County, alleging that the Gwinnett Superior Court lacked jurisdiction over his person due to a deficiency of notice and that his consent to the adoption of his son was never obtained.

Appellee filed a motion to dismiss which was granted by the trial court on the ground that the proper venue for the subject action was the Gwinnett County Superior Court. Upon consideration of the issues raised in appellant's appeal, we reverse this ruling of the trial court.

Appellant cites Code Ann. § 110-701 as support for his position that a void judgment may be attacked in any

court. Appellant cites Code Ann. § 110-707 which provides that motions to set aside judgments must be brought in the court of the judgment's rendition. Both sections have been repealed by the Civil Practice Act.

Instead, Code Ann. § 81A-160 governs this situation. Subsection (b) provides that a void judgment may be attacked by motion or by a complaint in equity. Subsection (e) provides that a complaint in equity will lie only to set aside judgments for fraud, accident, mistake, or the acts of the adverse party unmixed with the negligence of the complainant. It would appear that appellant's only remedy, then, would be subsection (d), motion to set aside the judgment brought in the court of its rendition, since the basis of his complaint is lack of personal jurisdiction.

However, this court has held in *Canal Ins. Co. v. Cambron,* 240 Ga. 708 (242 SE2d 32) (1978), that Code Ann. § 110-709, not repealed by the CPA, allows a party through a subsection (e) complaint in equity to attack a judgment void for any cause. 240 Ga. at 712. Since a complaint in equity will lie to attack a judgment void due to lack of jurisdiction over the person, and since an action in equity must be brought in the county of the defendant's residence — in this case DeKalb — it was error for the DeKalb County Superior Court to dismiss appellant's complaint.

*Judgment reversed and remanded to the trial court. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED APRIL 10, 1979 — DECIDED SEPTEMBER 10, 1979.

*Smith, Cohen, Ringel, Kohler & Martin, Andrew J. Hinton,* for appellant.

*Hurt, Richardson, Garner, Todd & Cadenhead, Nancy Underwood,* for appellee.