37239. ASSOCIATED DRY GOODS CORPORATION v. KUNZ & HAUPTMAN, P. C.

SMITH, Justice.

Appellant brought a complaint in equity in the Superior Court of Douglas County to set aside a default judgment entered against it in a garnishment action before the State Court of Fulton County.[1]

---

[1] The complaint alleges that the judgment is void for lack of jurisdiction over the person. It also alleges that "said summons of garnishment was misdirected either prior to or upon receipt at [plaintiff's] main office . . . and never reached the attention of responsible personnel charged with processing and responding to the same," that "said misdirection resulted from accident or mistake and without any negligence . . . on the part of the Plaintiff," that "but for said accident or mistake, it would not be indebted to the Defendant" and that "by reason of the above, it would be inequitable not to set aside the judgment . . ."

Appellee, the plaintiff in garnishment, is a Douglas County corporation. The trial court dismissed the complaint, holding that it had no jurisdiction to entertain the attack upon the Fulton County judgment. We reverse.

CPA § 181 (Code Ann. § 81A-181) provides: "This Title shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law, but, in any event, the provisions of this Title governing . . . relief from judgments . . . shall apply to all such proceedings." Under Code Ann. § 46-305, "[t]he procedure in garnishment cases shall be uniform in all courts throughout this State, and except as otherwise provided in this Title, the Georgia Civil Practice Act [Title 81A] shall apply in garnishment proceedings." In order to determine whether the Douglas County Superior Court has jurisdiction in this case, we must consult the provision of the CPA governing relief from judgments, CPA § 60 (Code Ann. § 81A-160), and cases decided thereunder.

CPA § 60 (b) provides: "A judgment may be attacked by motion for new trial, motion to set aside, or by complaint in equity. Judgments may be attacked by motion only in the court of rendition. Judgments may be attacked by complaint in equity *in any superior court of appropriate jurisdiction.*" (Emphasis supplied.) "[T]his court has held in *Canal Ins. Co. v. Cambron,* 240 Ga. 708 (242 SE2d 32) (1978), that Code Ann. § 110-709, not repealed by the CPA, allows a party through a subsection (e) complaint in equity to attack a judgment void for any cause. 240 Ga. at 712. Since a complaint in equity will lie to attack a judgment void due to lack of jurisdiction over the person, and since an action in equity must be brought in the county of the defendant's residence . . . it was error . . . to dismiss appellant's complaint." *Bonneau v. Ohme,* 244 Ga. 184 (259 SE2d 631) (1979).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 15, 1981.

*Troutman, Sanders, Lockerman & Ashmore, Herbert D. Shellhouse,* for appellant.

*Kunz & Hauptman, Michael R. Hauptman, Robert A. Kunz,* for appellee.