68376. PEAGLER et al. v. GLYNN COUNTY FEDERAL
EMPLOYEES CREDIT UNION.

DEEN, Presiding Judge.

On March 2, 1982, a default judgment was entered in the Superior Court of McIntosh County, awarding to the Glynn County Federal Employees Credit Union, the appellee here, a money judgment against Sharon Peagler and G. C. Carter, the appellants in this case. On April 18, 1983, the appellants brought in the same court a complaint in equity against the appellee to set aside the default judgment on the basis that it was obtained by fraud. Both parties stipulated that the only place of doing business maintained by the appellee was located in Glynn County. Upon the appellee's motion, the trial court dismissed the action without prejudice for improper venue, and this appeal followed. *Held*:

The appellant contends that venue was proper in the McIntosh County Superior Court, where the original judgment was rendered, rather than in the county where the appellee does business. Review of the applicable statutory provisions and case law regarding attacking judgments discloses some confusion in the law on the matter.

Where a judgment is not void on its face, OCGA § 9-11-60 (b) provides three methods of direct attack: (1) motion for new trial; (2) motion to set aside; and (3) complaint in equity. That subsection also clearly directs that a motion for new trial or a motion to set aside must be filed in the court which rendered the judgment attacked, while complaints in equity may be filed in any superior court of "appropriate jurisdiction."

It would appear from the language of OCGA § 9-11-60 (d) that the usual procedure for attacking a judgment for lack of personal jurisdiction is by motion to set aside, which, of course, pursuant to subsection (b) would have to be filed in the court that rendered the judgment. Nevertheless, the Supreme Court has held that such an attack on the basis of lack of personal jurisdiction may also be effected by a complaint in equity, which, as an action in equity, must be brought in the county of the defendant's residence. *Associated Dry Goods Corp. v. Kunz & Hauptman*, 247 Ga. 475 (277 SE2d 22) (1981); *Bonneau v. Ohme*, 244 Ga. 184 (259 SE2d 631) (1979). Thus, at least with regard to the problem of lack of personal jurisdiction, venue apparently depends upon which procedure the plaintiff prefers to employ.

However, despite the finding in *Associated Dry Goods* and *Bonneau* that the court of appropriate jurisdiction was the county of the

defendant's residence because the complaint in equity was an equitable action, the Supreme Court has also held that where a party attacks a judgment via complaint in equity on the basis that the judgment was obtained by fraud, "the superior court granting the [ judgment] attacked is the superior court of appropriate jurisdiction . . ." *Hill v. Harper*, 230 Ga. 246, 248 (196 SE2d 397) (1973). The instant case appears to fall squarely within the rule announced in *Hill v. Harper*, supra. The appellants brought the complaint in equity, attacking the judgment on the basis that the judgment was obtained by fraud, in the McIntosh County Superior Court, which had previously entered the judgment attacked. Accordingly, under the authority of *Hill v. Harper*, supra, notwithstanding the seeming inconsistency with *Associated Dry Goods* and *Bonneau*, venue was proper in the McIntosh County Superior Court, and the dismissal of the action was improper.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED APRIL 27, 1984 —
REHEARING DENIED MAY 15, 1984 — ▮▮▮▮▮▮▮

*W. Douglas Adams*, for appellants.
*Roger B. Lane, C. Darrell Gossett*, for appellee.