# Court of Appeals
# of the State of Georgia

ATLANTA,  January 17, 2023

*The Court of Appeals hereby passes the following order:*

**A22A1337.  SOUTHERN MUTUAL CHURCH INSURANCE COMPANY v. GREATER HALL TEMPLE CHURCH OF GOD.**

Greater Hall Temple Church of God filed a bad faith claim against its property insurer, Southern Mutual Church Insurance Company. On September 1, 2021, the trial court entered default judgment in favor of the Church in the amount of $500,000. Thereafter, Southern Mutual filed an emergency motion to set aside and to vacate the default judgment and to open default, arguing that it was never validly served with the suit and that the Church did not authorize its attorney to prosecute the default judgment such that the court never obtained jurisdiction to enter judgment. On December 7, 2021, the trial court denied the motion to set aside. On January 6, 2022, Southern Mutual filed a notice of appeal from the denial of its motion. The direct appeal was docketed in this Court on April 20, 2022.

On April 21, 2022, the Church filed a motion to dismiss, arguing that Southern Mutual was required to comply with the discretionary appeals procedure to obtain review of the trial court's order. See *Guy v. Roberson*, 214 Ga. App. 391, 392 (1) (448 SE2d 60) (1994) (dismissing a direct appeal from the denial of a motion to set aside because no application had been taken as required by OCGA § 5-6-35 (a) (8)). We granted Southern Mutual's request for oral argument and directed the parties' attention to the question of our jurisdiction, "including whether the motion [to set aside] is properly construed as a motion brought under OCGA § 9-11-60 (a)."

At oral argument, held on September 28, 2022, Southern Mutual represented that it was abandoning its appeal from the denial of the motion to set aside and was instead appealing the trial court's entry of default judgment. On the same day, Southern Mutual filed an amended notice of appeal in the trial court and moved this Court to amend the notice of appeal. See OCGA § 5-6-48 (d).

Both at oral argument and in its motion to amend, Southern Mutual has represented to this Court that it has abandoned its attack on the denial of its motion to set aside and is instead appealing the trial court's entry of default judgment. The record shows, however, that the default judgment was entered on September 1, 2021, and that Southern Mutual's notice of appeal was filed on January 6, 2022. We lack jurisdiction over the default judgment because no timely appeal was taken from it. OCGA § 5-6-38 (a) (notice of appeal "shall be filed within 30 days after entry of the appealable judgment"); *Crolley v. Johnson*, 185 Ga. App. 671, 672 (1) (365 SE2d 277) (1988) (dismissing a direct appeal from a default judgment and the denial of an untimely motion for new trial as untimely). Further, and "[a]lthough [Southern Mutual's] notice of appeal was timely filed within thirty days of the denial of [its] motion to set aside, . . . [it] did not comply with the applicable discretionary appeals provisions of OCGA § 5-6-35." Id. For these reasons, the Church's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED. Id.

The Church's request for sanctions was included in its motion to dismiss and was thus not properly before the Court. See Court of Appeals Rule 41 (b). Southern Mutual's motion to amend its notice of appeal is DENIED AS MOOT.

McFadden, P. J., concurring specially.

I agree that this appeal must be dismissed, but not on the basis of Southern Mutual's motion to amend its notice of appeal. The statute authorizing such motions precludes us from granting them when doing so would effect the dismissal of an appeal. This appeal must be dismissed because Southern Mutual failed to follow the

discretionary appeal procedure.

1. *Motion to amend the notice of appeal.*Southern Mutual's motion to amend its notice of appeal cannot strengthen its case: a notice of appeal reaches back to take in "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below. . . ." OCGA § 5-6-34 (d). So if the original notice of appeal were effective, it would encompass all prior rulings in the case and not need to be amended. But contrary to the majority, that motion is not itself a basis for dismissal.

Contrary to Southern Mutual's argument, although a void judgment "may be attacked in any court," OCGA § 9-11-60 (a), a void judgment may not be attacked in this court except by way of a timely appeal. We are a court of review. Ga. Const. Art. VI, § V, Para. III. "The provisions of the law respecting the procedure to be followed in perfecting appeals to this (c)ourt are jurisdictional, and unless this (c)ourt has jurisdiction of a case, it is without power or authority to render a judgment upon review." *Duke v. State*, 306 Ga. 171, 172 (1) (829 SE2d 348) (2019), citing *Spivey v. Nalley*, 212 Ga. 810, 810 (96 SE2d 260) (1957).

So amending the notice of appeal, which was originally filed on January 6, 2022, to appeal from a judgment entered on September 1, 2021 would simply render the notice of appeal untimely and divest us of jurisdiction. See OCGA § 5-6-38 (a).

The majority would do exactly that. I cannot agree.

I recognize that our adversary system often requires us to administer the consequences of attorneys' errors. See *Parrish v. St. Joseph's/Candler Health System*, 364 Ga. App. 228, 237-239 (4) (874 SE2d 413) (2022); *Dixon v. MARTA*, 242 Ga. App. 262, 266 (4) (529 SE2d 398) (2000). But a motion to amend a notice of appeal is subject to "our statutory discretion." *Hosp. Auth. of Valdosta/Lowndes County v. Brinson*, 330 Ga. App. 212, 214 (1) (767 SE2d 811) (2014). And the statute entrusting us with that discretion instructs us — not once, but twice — that this discretion is to be exercised "so that the appellate court can and will pass upon the appeal and not dismiss it."

At any stage of the proceedings, either before or after argument, the

court shall by order, either with or without motion, provide for all necessary amendments, require the trial court to make corrections in the record or transcript or certify what transpired below which does not appear from the record on appeal, require that additional portions of the record or transcript of proceedings be sent up, or require that a complete transcript of evidence and proceedings be prepared and sent up, or take any other action to perfect the appeal and record *so that the appellate court can and will pass upon the appeal and not dismiss it. If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it.*

OCGA § 5-6-48 (d) (emphasis added). The majority would turn that instruction on its head and allow the amendent of the notice of appeal so as to render it untimely and subject, for that reason, to dismissal.

Moreover, the statute authorizes us to grant such a motion "[i]f an error appears in the notice of appeal." OCGA § 5-6-48 (d). There is no error in the notice of appeal that can be cured by amendment.

So the motion to amend must be denied.

2. *Discretionary appeal procedure.*

But I agree that the appeal must be dismissed for the reasons set out in Greater Hall Temple's motion to dismiss. The order on appeal denies a motion denominated "Emergency Motion to Set Aside and Vacate Default Judgment and Motion to Open Default." Southern Mutual followed the direct appeal procedure set out at OCGA § 5-6-34. Greater Hall Temple has moved to dismiss on the basis that such an order must be appealed under the discretionary procedure set out at OCGA § 5-6-35. That discretionary procedure is mandated for "[a]ppeals from orders under subsection (d) of Code Section 9-11-60 denying a motion to set aside a judgment or under subsection (e) of Code Section 9-11-60 denying relief upon a complaint in equity to

set aside a judgment[.]" OCGA § 5-6-35 (a) (8).

But Southern Mutual also asked that the underlying judgment be vacated. That raises a question. Is a motion to vacate a void judgment a distinct remedy, not subject to the discretionary appeal procedure?

It is plausible that a more flexible remedy might have been provided against void judgments than against other judgments subject to attack under OCGA § 9-1160. Our Supreme Court has said of a void judgment that it

> had no more force and was entitled to no more consideration than so much waste paper. It was in no legal sense a judgment, and was, therefore, properly arrested and set aside, either upon affidavit of illegality or motion to vacate for want of jurisdiction; it "is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Code, § 3594.

*Williams v. Sulter*, 76 Ga. 355, 357 (1886). The statute cited in *Williams* was part of the first Georgia Code, Code 1863, § 3513, and remains a part of our code. It now provides, "[t]he judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." OCGA § 9-12-16. It seems plausible that relief could be afforded under OCGA § 9-12-16.

Similarly, while OCGA § 9-11-60 generally covers the waterfront on collateral and direct attacks on judgments, its first subsection might be read to leave open the possibility of other remedies in cases of void judgments: "*Collateral attack.* A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section." OCGA § 9-11-60 (a) (emphasis in the original). And our criminal procedure recognizes a motion to vacate a void sentence. E.g. *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013).

Nevertheless, I have found no authority recognizing a motion to vacate a void judgment as a distinct remedy. Historically, the procedure to attack a void judgment was a complaint in equity. E.g. *Associated Dry Goods Corp. v. Kunz & Hauptman*, 247 Ga. 475 (277 SE2d 22) (1981); *Schlicht v. Bincer*, 230 Ga. 745 (199 SE2d 245) (1973); *Hill v. Harper*, 230 Ga. 246, 248 (2) (196 SE2d 397) (1973). That procedure had been incorporated into OCGA § 9-11-60, but it was eliminated in 1986. 1986 Ga. Laws p. 294-295 § 1. Now, "[t]he use of a complaint in equity to set aside a judgment is prohibited." OCGA § 9-11-60 (e).

And our Supreme Court's analyses of the procedures under which a void judgment can be attacked now appear to focus exclusively on OCGA § 9-11-60. See *Murphy v. Murphy*, 263 Ga. 280 (430 SE2d 749) (1993).

So I conclude that a motion to vacate void judgment is not a distinct remedy. It follows that the motion before us was a motion to set aside a judgment for lack of jurisdiction under OCGA § 9-11-60 (d) (1). And the appeal from the denial of that motion had to be brought under the discretionary appeal procedure. OCGA § 5-6-35 (a) (8). Southern Mutual's failure to follow that procedure deprives us of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* <u>01/17/2023</u>

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*